A94A1000. SIMS v. THE STATE.
(448 SE2d 77)

Judge Harold R. Banke.
The appellant was charged with the offense of driving under the influence of alcohol pursuant to OCGA § 40-6-391 (a) (4). Prior to tendering a plea of guilty, he filed a request for first offender treatment under OCGA § 42-8-60 et seq., asking the trial court to impose a fine and suspend sentence upon payment of the fine rather than placing him on probation. The trial court denied that request, on the ground that OCGA § 40-6-391 precluded first offender treatment in DUI cases, regardless of whether the imposed sentence was probated, suspended, or served. This appeal followed.

1. Initially, we note that the trial court's order allowed the appellant to reserve the ruling denying first offender treatment for appeal after entry of the guilty plea. Appellate review of such conditional pleas was disapproved in *Hooten v. State*, 212 Ga. App. 770 (1) (442 SE2d 836) (1994), but since the instant order was entered prior to the effective date of *Hooten*, this appeal will be considered.

2. OCGA § 42-8-60 (a) allows first offender treatment in appropriate situations both where the trial court places the defendant on probation and where the court sentences the defendant to a term of confinement. However, OCGA § 40-6-391 (f), in pertinent part, directs that "the provisions of Article 3 of Chapter 8 of Title 42 [OCGA

§ 42-8-60 et seq.], relating to probation of first offenders, shall not apply to any person convicted of violating any provision of this Code section."

The phrase "relating to probation of first offenders" contained in OCGA § 40-6-391 (f) refers to the general title of Article 3 of Chapter 8 of Title 42, and does not purport to limit the prohibition of first offender treatment only to DUI cases where probation is imposed. " 'Though criminal statutes are to be construed strictly against the State, they are also to be construed so as to give legislative intent precedence over the literal import of words and to avoid unreasonable or illogical results. (Cits.)' [Cit.]" *Mays v. State*, 200 Ga. App. 457, 460 (2) (408 SE2d 714) (1991). Accordingly, the trial court correctly concluded that first offender treatment was unavailable to the appellant.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 16, 1994.

*Peters, Townsend, Wilson & Roberts, Douglas N. Peters*, for appellant.

*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor*, for appellee.