## S97A2047. THE STATE v. MILLS.
(495 SE2d 1)

CARLEY, Justice.

The grand jury returned a four-count indictment against Jaycin Mills. Mills filed a motion to dismiss those counts which charged him with possession of a firearm in violation of OCGA § 16-11-131 and with commission of a felony murder while violating OCGA § 16-11-131. The trial court granted Mills' motion to dismiss the two counts and, pursuant to OCGA § 5-7-1 (a) (1), the State appeals directly from that order.

Originally, OCGA § 16-11-131 did not prohibit possession of a firearm by a first-offender probationer. *Gunter v. State,* 182 Ga. App. 548 (356 SE2d 276) (1987). Subsequently, the General Assembly amended the statute to provide that

[a]ny person who is on probation as a first offender . . . and who receives, possesses, or transports any firearm commits a felony . . . . Any person placed on probation as a first offender . . . and subsequently discharged without court adjudication of guilt pursuant to Code Section 42-8-62 shall, upon such discharge, be relieved from the disabilities imposed by this Code section.

OCGA § 16-11-131 (b, e). It is undisputed that, at the times relevant to the crimes for which Mills was indicted in this case, he was not "on probation as a first offender," because he had previously completed a three-year period of first-offender probation for the crimes of attempted burglary and possession of tools for the commission of a crime. The issue presented for resolution is whether Mills was "subsequently discharged without court adjudication of guilt pursuant to Code Section 42-8-62" and, thus, was "relieved from the disabilities imposed by" OCGA § 16-11-131.

OCGA § 42-8-62 (a) provides that,

[u]pon fulfillment of the terms of probation, . . . the defendant shall be discharged without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction.

Mills did enter a guilty plea to a misdemeanor possession of marijuana offense during his three-year probationary period. Based upon this guilty plea, the State was authorized, "within the period of probation," to arrest Mills and to seek a revocation of his probation. OCGA § 42-8-38 (a). It is undisputed, however, that during the probationary period, the State did not file a petition alleging Mills' subsequent drug offense as a basis for revoking his probation. Compare *State v. Boyd*, 189 Ga. App. 617 (377 SE2d 11) (1988). By allowing Mills to complete his three-year probationary period without initiating any revocation proceedings against him, the State cannot urge that he did not fulfill the terms of his probation. See *Moody v. State*, 190 Ga. App. 91 (378 SE2d 375) (1989); *Inman v. State*, 124 Ga. App. 190, 192 (1) (183 SE2d 413) (1971). Compare *State v. Boyd*, supra.

The State nevertheless contends that Mills was not "discharged . . . pursuant to Code Section 42-8-62," because the fulfillment of his first-offender probation was never formalized. There is no such requirement of formalization with regard to "discharge" from non-first-offender probation. *"Upon the termination of the period of probation*, the probationer *shall* be released from probation and *shall* not be liable to sentence for the crime for which probation was allowed. . . ."* (Emphasis supplied.) OCGA § 42-8-37 (a). "[I]n its ordinary signification 'shall' is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission." *Garrison v. Perkins*, 137 Ga. 744, 755 (74 SE 541) (1912). Thus, "discharge" of a non-first-offender probationer is automatic upon the successful completion of the terms of the sentence and is not dependent upon the subsequent formalization of that suc-

cessful completion.

Nothing in OCGA § 42-8-62 expressly provides that a "discharge" from first-offender probation is not also automatic, but must be formalized to become effective. That statute only imposes a duty upon the clerk of the trial court to enter "on the criminal docket and all other records of the court pertaining thereto" a specified notice of the defendant's discharge and the legal effect thereof. OCGA § 42-8-62 (a). However, this notice is denominated as the "record of discharge and exoneration." OCGA § 42-8-62 (b). As such, the notice simply evidences the probationer's pre-existing automatic discharge and does not constitute the "discharge" itself. See also OCGA § 42-8-60 (c) ("discharge" of the defendant by trial court "upon completion of the sentence"). The State's jurisdiction over a first-offender probationer cannot be continuing until performance of a *ministerial* duty to memorialize a pre-existing fulfillment of the sentence. OCGA § 42-8-62 "provides the person *who successfully completes* his probation under the first offender statute protection against the stigma of a criminal record." (Emphasis supplied.) *Witcher v. Pender*, 260 Ga. 248, 249 (392 SE2d 6) (1990). Thus, if a first-offender probationer is not "discharged" pursuant to OCGA § 42-8-62, it is only because he did not successfully complete his term of probation, not because certification of that successful completion was not entered in the records of the trial court "pursuant to Code Section 42-8-62."

Under the State's construction of OCGA § 16-11-131, it would be unlawful for one who had fulfilled the terms of his first-offender probationary sentence to possess a firearm, unless and until he obtained a formal "discharge" on the court record. Such a construction violates the principle that criminal statutes must be strictly construed against the State and liberally in favor of human liberty. *Knight v. State*, 243 Ga. 770, 775 (2) (257 SE2d 182) (1979). Since it is undisputed that Mills had successfully completed his first-offender probationary sentence at the time he allegedly violated OCGA § 16-11-131, the trial court correctly granted his motion to dismiss.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney,* for appellant.
*Russell C. Gabriel,* for appellee.