**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 23, 2015**

# In the Court of Appeals of Georgia

A14A2359. HAWKINS v. THE STATE.                    DO-087 C

DOYLE, Presiding Judge.

Following the grant of his discretionary application, William Hawkins appeals from the trial court's order denying his petition for removal from sex offender registration requirements. For the reasons set forth below, we vacate the trial court's order and remand the case.

The record shows that in September 1991, when Hawkins was 16 years old, he entered a nolo contendere plea to attempted sexual battery in Florida and was sentenced to two years of "community control" followed by ten years of probation. In October 2013, Hawkins filed a petition for removal from sex offender registration requirements. The trial court dismissed the petition for failure to file a civil initiation

form pursuant to OCGA § 9-11-13 (b),[1] and on December 31, 2013, it denied

Hawkins's subsequent motion to set aside the dismissal order.[2]

---

[1] OCGA § 9-11-3 (b) provides: "At the time of filing the complaint for a civil action in superior court or state court, the plaintiff shall file the appropriate civil case filing form with the clerk of the court. The form shall contain complete information and shall be substantially in the form prescribed in Code Section 9-11-133. The filing of the complaint shall not be delayed for the filing of the case filing form. If, after a civil action has been filed, the court presiding over the civil action decides that the civil case filing form has not been filed or has been filed incorrectly, the court shall require the plaintiff to file the civil case filing form or an amended form. *In no case shall the failure to accurately complete the civil case filing form required by this Code section provide a basis to dismiss a civil action*." (emphasis supplied).

[2] Neither the dismissal order nor Hawkins's motion to set aside the dismissal are contained in the appellate record. In the order denying Hawkins's motion to set aside the dismissal, however, the trial court noted that: (1) on October 28, 2013, the clerk of court entered a notice of non-compliance advising Hawkins that he failed to file a case initiation form; (2) on November 13, 2013, the trial court entered a notice of requirement to file the form or explain his noncompliance, advising Hawkins that failure to do so would be considered an election to have the petition dismissed *without prejudice*; (3) on December 13, 2013, the trial court entered a final order dismissing the case; and (4) on December 19, 2013, Hawkins filed a case initiation form and a motion to set aside the dismissal, stating that he complied with OCGA § 9-11-3 (b) and the court's order and suggesting that the clerk of court lost the form. The trial court denied the motion to set aside the dismissal, concluding that Hawkins "failed to meet his burden of persuasion with respect to the statutory bases [under OCGA § 9-11-60 (d)] for setting aside the default judgment [sic]. In this regard, nothing in the record, save [Hawkins's] self-serving motion, suggests [he] complied . . . or attempted to comply . . . with OCGA § 9-11-3 (b) . . . prior to the entry of the [f]inal [dismissal o]rder. Rather, . . . the record clearly indicates that . . . only after the [f]inal [o]rder was entered, [Hawkins] complied with OCGA § 9-11-3 (b)."

2

On January 7, 2014, Hawkins filed a second petition for removal from sex offender registration requirements, with accompanying supporting exhibits. Without addressing the merits of the case, the trial court dismissed the petition pursuant to OCGA § 42-1-19 (b) (3), which provides that "[i]f a petition for release is denied, another petition for release shall not be filed within a period of two years from the date of the final order on a previous petition." Hawkins filed an application for discretionary appeal of this order, and we granted the application.

On appeal, we apply a clearly erroneous standard to the trial court's factual findings, and a de novo standard to its rulings on questions of law.[3]

Hawkins argues that OCGA § 42-1-19 (b) (3) does not apply in this case, and we agree. OCGA § 42-1-19 (b) (3) bars a person on the sex offender registry from filing a second petition for release from registration requirements within two years from a final order on a previous petition, if the first petition for relief was *denied*. Hawkins's first petition was not denied. Instead, the trial court apparently treated the disposition of that first petition as a voluntary dismissal or, alternatively, a dismissal for failure to prosecute, neither of which operated as an adjudication on the merits of

---

[3] See *In re Baucom*, 297 Ga. App. 661 (678 SE2d 118) (2009).

the first petition.[4] Denial and dismissal are distinct dispositions, and there is nothing in the text of OCGA § 42-1-19 (b) (3) remotely suggesting that the bar contained in the statute applies to cases in which the first petition was voluntarily dismissed or dismissed without prejudice for failure to prosecute, as opposed to cases in which the first petition was denied on the merits. Thus, the trial court erred by dismissing Hawkins's second petition for release from sex offender registration requirements, and we vacate the trial court's order and remand the case for adjudication on the merits.[5]

*Judgment vacated and case remanded. Miller and Dillard, JJ., concur.*

---

[4] See OCGA § 9-11-41 (a) (3) & (b).

[5] The State implicitly concedes the trial court's error, requesting that "[i]n light of the fact that [Hawkins's] initial case was dismissed rather than denied, [this Court] . . . remand this case . . . for an order based on the merits rather than any procedural non-compliance."