**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 20, 2015**

# In the Court of Appeals of Georgia

A15A0798. HAMMOND v. THE STATE.                          DO-033 C

DOYLE, Chief Judge.

Jennifer Hammond appeals from her conviction for driving under the influence of alcohol ("DUI") to the extent that it was less safe to drive,[1] impeding the flow of traffic,[2] and improper parking.[3] She contends that the trial court erred by admitting evidence of two prior DUI convictions under OCGA § 24-4-417 (a) (1). Because the record supports the trial court's ruling, we affirm.

---

[1] OCGA § 40-6-391 (a) (1).

[2] OCGA § 40-6-184 (a).

[3] OCGA § 40-6-203 (a) (1) (C).

Construed in favor of the verdict,[4] the evidence shows that a police officer encountered Hammond in her vehicle stopped at a traffic light at around 12:50 a.m. one morning. When the light turned green, Hammond did not proceed through the light, but the officer was responding to a call, so he did not investigate further after visually determining that there appeared to be no emergency. After attending to the call, the officer returned to the scene approximately 15 or 20 minutes later and found Hammond still in her vehicle, still at the traffic light. He pulled behind Hammond's vehicle, exited his patrol car, and noticed that Hammond appeared to be asleep. After the officer knocked on her window several times, Hammond awoke and got out of the vehicle, at which time the officer smelled a strong odor of alcohol on her breath. Hammond was unsteady on her feet, and the officer, who was a supervisor, called for another officer to investigate the suspected DUI offense.

Soon thereafter, an investigating officer responded and made contact with Hammond. The second officer also noticed that Hammond was unsteady on her feet, and her breath smelled of alcohol. As she spoke to the officer, Hammond explained in slurred speech that she had consumed three alcoholic drinks and wished to go home. The officer asked Hammond to submit to field sobriety testing, and Hammond

---

[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

declined. Based on his observations of Hammond, the officer placed her under arrest and read her the implied consent notice. The officer then asked Hammond to submit to a breath test, and Hammond again declined. During processing at the police station, Hammond again refused a breath test and told the officer, "Man, this is my third DUI."

Hammond was charged with DUI, impeding traffic flow, and improper parking. Prior to trial, the State moved to introduce evidence of Hammond's two prior DUI convictions, and following a hearing, the trial court ruled that the convictions were admissible under OCGA § 24-4-417 (a) (1). At trial, a jury found Hammond guilty as to each count, and Hammond filed this appeal.

Hammond argues that the trial court erred by admitting the evidence of her two prior DUI convictions under OCGA § 24-4-417 (a) (1) because they were not relevant to proving her guilt in this case. We review such a ruling for an abuse of discretion,[5] and we discern none here.

OCGA § 24-4-417 (a) (1) provides as follows:

(a) In a criminal proceeding involving a prosecution for a [DUI offense], evidence of the commission of another [DUI offense] on a different

---

[5] *Reeves v. State*, 294 Ga. 673, 676 (2) (755 SE2d 695) (2014).

occasion by the same accused shall be admissible when: (1) The accused refused in the current case to take the state administered test required by Code Section 40-5-55 and such evidence is relevant to prove knowledge, plan, or absence of mistake or accident . . . .

Here, the State successfully sought admission of the prior DUI offenses on the ground that they were relevant to prove Hammond's knowledge and plan. Hammond argues that although she refused the state administered test as referenced in the statute, her prior DUI convictions are inadmissible under the analysis outlined in *Frost v. State*[6] ("*Frost I*"). That case addressed a scenario in which the defendant refused sobriety tests, and the trial court admitted evidence of prior DUI convictions in which the defendant had also refused sobriety tests.[7] This Court reversed, noting that the prior DUI convictions involved refusals to test, and the defendant "did not provide an explanation or excuse at trial for his refusal to take the state-administered tests in the present case," so the prior convictions were not relevant to show the defendant's knowledge in the present case.[8] The Court also held that DUI is a crime

---

[6] 328 Ga. App. 337 (761 SE2d 875) (2014), reversed by *State v. Frost*, 297 Ga. 296 (773 SE2d 700) (2015).

[7] See id. at 341-343 (2).

[8] See id. at 343 (2).

of general intent: "[T]he State need not prove intent to commit the crime. Admission of the similar transaction evidence as proof of knowledge that drinking alcoholic beverages made him a less safe driver did not elucidate or throw light upon whether, in this instance, he committed the same crime again; no culpable mental state was required."[9] Based on *Frost I*, Hammond makes the same argument here, noting also that the Supreme Court of Georgia had granted a writ of certiorari in *Frost I*.

Bearing out this foreshadowing, the Supreme Court of Georgia recently spoke on the issue in *State v. Frost*[10] ("*Frost II*") after the appellate briefing in this case. The High Court reversed this Court, holding that the trial court did not abuse its discretion by admitting the evidence, and explained as follows:

> Proof that the accused on prior occasions had driven under the influence of the same or a similar intoxicant may strengthen substantially the inference about the presence of an intoxicant [in the present case]. This is so because . . . *it might properly be inferred from evidence of prior occasions on which the accused had driven under the influence that the accused had an awareness that his ingestion of an intoxicant impaired his ability to drive safely. Such awareness, in turn, would offer an explanation for why the accused refused the test on this occasion,*

---

[9] (Punctuation omitted.) Id., quoting *Jones v. State*, 326 Ga. App. 658, 664-665 (1) (b) (757 SE2d 261) (2014).

[10] 297 Ga. at 296.

5

*namely, that he was conscious of his guilt and knew that the test results likely would tend to show that he was, in fact, under the influence of a prohibited substance to an extent forbidden by OCGA § 40-6-391 (a).* Prior occasions on which the accused was arrested and charged with driving under the influence also could permit an inference in some circumstances that the accused had acquired knowledge about the means by which law enforcement officers determine whether and to what extent a driver is under the influence of an intoxicant, and such awareness likewise might help to explain a refusal in the present case to submit to a test. *In either event, the trier of fact might well conclude that an adverse inference about the presence of an intoxicant is more warranted than it otherwise would be*, and the trier of fact might decide that the inference can bear more weight than it otherwise could. This is true when the accused refused the required tests on the prior occasions, and *it is true even when the accused offers no evidence to explain or excuse his refusal on this occasion*.[11]

This analysis directly applies in the present case, especially because Hammond had undergone sobriety testing in the prior cases, and she refused in this case. When asked for a breath sample, Hammond refused, spontaneously noting that "this is my third DUI." In light of the holding in *Frost II*, the trial court did not abuse its

---

[11] (Citation omitted; emphasis supplied.) Id. at 305.

6

discretion by allowing the State to introduce evidence of Hammond's prior DUI convictions.[12]

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur.*

---

[12] Hammond does not dispute that the current rules of evidence, as interpreted by the courts, apply to her 2014 trial. See generally *Moran v. State*, 257 Ga. App. 236, 237-238 (3) (570 SE2d 673) (2002) ("[O]n appeal we apply the law as it exists at the time of appeal rather than the law prevailing at the rendition of the judgment under review, where the law has been changed in the meantime and where no vested right will be impaired."); *State v. Martin*, 266 Ga. 244, 246 (3) (466 SE2d 216) (1996) (law changing scope of evidence that may be offered in trial but that does not affect manner or degree of punishment and does not alter substantive rights is applicable to case pending on appeal on effective date); see also *Hill v. Willis*, 224 Ga. 263, 265 (161 SE2d 281) (1968) (appellate court applies the law as it exists at the time opinion is rendered).