**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 14, 2016**

# In the Court of Appeals of Georgia

A16A1269. COLLINS v. THE STATE.

ANDREWS, Presiding Judge.

More than 17 years after completing a sentence of probation under the First Offender Act,[1] Timothy Curtis Collins filed a "Motion for Discharge and Exoneration" challenging a 1998 order of the Superior Court of Clayton County which found that Collins' performance of his sentence of probation was "unsatisfactory." The trial court denied Collins' motion, and he appeals. Because we construe Collins' motion as one to correct a void sentence, and because we further conclude that the trial court's 1998 sentencing order was void, we reverse and remand this case for entry of an order of exoneration and discharge consistent with the First Offender Act.

---

[1] OCGA § 42-8-60 *et seq*. (2016).

On February 7, 1995, Collins entered a negotiated plea of guilty to one count of theft by taking and one count of theft by receiving stolen property.[2] The Superior Court of Clayton County sentenced Collins to three years to be served on probation under the provisions of the First Offender Act.[3] On Friday, February 6, 1998, a Clayton County probation officer completed a "Petition Seeking Adjudication of Unsatisfactory Performance Under First Offender Sentence." The petition alleged that Collins failed to fulfill the requirements of first-offender probation in view of Collins' three traffic violations committed during the term of probation. The petition did not seek an adjudication of guilt or revocation of Collins' probation. See OCGA § 42-8-38 (1998) (revocation of probation); OCGA § 42-8-60 (b) (1998). Of note, the record does not contain any evidence that the petition was filed with the clerk of court or the trial judge or that the petition was served upon Collins or his counsel.[4] On Monday,

_____

[2] A third count, fleeing and attempting to elude a police officer, was resolved by an order of nolle prosequi.

[3] Approximately three months after sentencing, the State filed a motion to revoke Collins' probation. Following a hearing, the trial court determined that "the terms of probation had not been violated" and denied the State's motion.

[4] See OCGA § 17-1-1 (a) (service of pleadings upon each party); (b) (manner of service of pleadings); (c) (filing of pleadings with court "either before service or immediately thereafter"); (d) (filing of pleadings accomplished by filing with the clerk of court "unless the judge permits the papers to be filed with him, in which

2

February 9, 1998, the trial court executed an order granting the State's petition, concluding that Collins' performance "under the First Offender sentence is found to be unsatisfactory." As a result, the trial court found that Collins "is not entitled to discharge and exoneration as provided in Sec. 42-8-62. . . ." There is no indication in the record that the trial court conducted a hearing on the State's petition. The trial court filed its order on February 11, 1998.

Some 17 years later, on October 5, 2015, Collins filed a "Motion for Discharge and Exoneration" in which he asked the trial court for an order "formalizing [Collins'] exoneration" under the First Offender Act. The trial court concluded that Collins failed to show "any abuse of discretion in the Court's 1998 determination that [Collins] was not entitled to relief under the First Offender Act" and denied his motion. Collins' appeal followed.

1. We are obligated to question our jurisdiction "in any case in which there may be a doubt about the existence of such jurisdiction." *Sanders v. State*, 280 Ga. 780, 782 (1) (631 SE2d 344) (2006). Here, Collins filed a motion in 2015 to challenge a 1998 order denying him exoneration and discharge under the First Offender Act.

event he shall note thereon the filing date and transmit them to the office of the clerk"); (e) (proof of service) (1998).

3

Collins could have sought an appeal from that order as late as March 13, 1998, but no appeal was filed[5] and his opportunity to appeal that order expired long ago.[6] See OCGA § 5-6-38 (a). Accordingly, unless Collins' motion is of a kind which may be brought at any time, and Collins invoked the correct procedure to appeal the order denying his motion, we lack jurisdiction and Collins' appeal must be dismissed.

Collins points to no law which authorizes the specific motion he filed.[7] See, e.g., *State v. Green*, 308 Ga. App. 33, 34 (1) (706 SE2d 720) (2011) ("[A] motion to

---

[5] See OCGA § 42-8-64 (1998). We need not decide here whether Collins should have pursued a direct or discretionary appeal inasmuch as no effort to appeal was made. See OCGA §§ 5-6-34 (a), 5-6-35 (a). Compare OCGA § 42-8-64; *Mobley v. State*, 192 Ga. App. 719 (386 SE2d 384) (1989) (appeal from an order of adjudication of guilt and revocation of sentence issued pursuant to First Offender Act is by discretionary appeal).

[6] There is no allegation in the record that Collins did not receive notice of the order, which otherwise might have triggered the available out-of-time appeal procedure. See, e.g., *Porter v. State*, 271 Ga. 498, 499-500 (521 SE2d 566) (1999); *Whitfield v. State*, 313 Ga. App. 297, 299 (1) (721 SE2d 211) (2011).

[7] Unlike a petition to remove a listing on the sexual offender registry, there is no similar statutory procedure under the First Offender Act to address the trial court's judgment in this case. Compare OCGA § 42-1-19. Furthermore, we note that recent revisions to the Act by the 2016 General Assembly, effective July 1, 2016, provide for: (1) filing a petition in the sentencing court to seal certain records following exoneration and discharge (see OCGA § 42-8-62.1 (c) (2016)); and (2) filing a petition for exoneration and discharge in the county of conviction for defendants who originally qualified for first offender treatment but were not informed of their eligibility. See OCGA § 42-8-66 (2016). Neither situation is present in this case.

4

vacate a judgment of conviction is not an established procedure for challenging the validity of a judgment in a criminal case."). See also *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009). He does not challenge the trial court's judgment of conviction, but essentially asks the trial court to remove a sentencing provision (i.e., the prohibition against exoneration and discharge) which is not authorized under Georgia law.[8] See *Spargo v. State*, 332 Ga. App. 410, n. 1 (773 SE2d 35) (2015) ("[a] claim challenging a conviction and a claim challenging the resulting sentence as void are not the same"). As a result, Collins' motion most closely resembles a motion to correct a void sentence. See *Davis v. State*, 330 Ga. App. 711, 712 (769 SE2d 133) (2015) ("there is no magic in mere nomenclature, and pleadings are construed to serve the best interests of the pleader, and are judged by function rather than name.").

A motion to correct a void sentence may be filed at any time. See OCGA § 17-9-4; *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010); *Spargo*, 332 Ga. App. at 410. "[T]he only ground for authorizing a trial court to correct a sentence at any

---

[8] As a result, irrespective of the timeliness of his motion, Collins' motion cannot be characterized as a petition for habeas corpus, a motion to withdraw a guilty plea, or a motion in arrest of judgment, each of which challenges the underlying judgment of conviction rather than the sentence. See also *Harper*, 286 Ga. at 217 (1). Nor does the motion qualify as an extraordinary motion for new trial in view of Collins' guilty plea. See OCGA § 5-5-41; *Spargo v. State*, 332 Ga. App. 410, n. 1 (773 SE2d 35) (2015).

5

time is that the sentence is void. A sentence is void if the court imposes punishment that the law does not allow." *Spargo*, 332 Ga. App. at 411. "When the sentence imposed falls within the statutory range of punishment, [however,] the sentence is not void[.]" Id.

Under the First Offender Act, a person is either exonerated of guilt and stands discharged as a matter of law upon completion of the term of probation (OCGA § 42-8-60 (e) (2016)) or adjudicated guilty in a petition filed prior to the expiration of the sentence (OCGA § 42-8-60 (d) (2016)); the statute does not provide for any other alternative.[9] Stated differently,

> A first offender's guilty plea does not constitute a 'conviction' as that term is defined in the Criminal Code of Georgia. Rather, under the first offender statute, until an adjudication of guilt is entered, there is no conviction. The case has, in effect, been suspended during the period of

---

[9] Although the 2016 General Assembly passed substantial revisions to the First Offender Act which took effect July 1, 2016, and which we apply here, the General Assembly did not alter the two options long available under the Act - adjudication of guilt or discharge. See OCGA § 42-8-60 (b) (1998), (2015) (adjudication of guilt); OCGA § 42-8-62 (a) (1998), (2015) (discharge). See also *Hill v. Willis*, 224 Ga. 263, 265 (161 SE2d 281) (1968) ("a reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review"); *Hammond v. State*, 334 Ga. App. 781, 784, n. 12 (780 SE2d 440) (2015) (same).

6

probation until eventually the probation is either revoked or it is discharged; *unless it is revoked, there is no conviction*.

(Emphasis supplied; footnotes and punctuation omitted.) *Cook v. State*, — Ga. App. —, No. A16A1105, 2016 Ga. App. LEXIS 477, \*16 (4) (Aug. 8, 2016), citing *Davis v. State*, 273 Ga. 14, 15 (537 SE2d 663) (2000). A punishment which deviates from these limited options is not available and, therefore, it is void. See *Spargo*, 332 Ga. App. at 411. In this case, Collins' motion attacked a sentence imposed by the trial court that was not permitted. See *Shaheed v. State*, 274 Ga. 716, 717 (559 SE2d 466) (2002) ("When the trial court amended [Collins'] sentence to eliminate first offender status, it effectively imposed an enhanced sentence. . . ."). As a result, we construe Collins' motion as a motion to correct a void sentence. See *Davis*, 330 Ga. App. at 712. Orders on motions to correct a void sentence may be appealed directly, and Collins timely filed a notice of appeal from the trial court's order denying his "Motion for Discharge and Exoneration." See *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999) ("the denial of a petition to correct a sentence on the ground that

7

the original sentence was void is appealable as a matter of right"). Accordingly, we have jurisdiction.[10]

2. In view of our analysis in Division 1, supra, the State's motion to dismiss Collins' appeal is denied.[11] See *Williams*, 271 Ga. at 689 (1). Compare OCGA § 42-8-64; *Hawkins v. State*, 330 Ga. App. 547 (768 SE2d 523) (2015) (appeal from order denying petition to remove listing from sexual offender registry is by discretionary appeal); *Mobley*, 192 Ga. App. at 719 (appeal from an order of adjudication of guilt and revocation of sentence issued pursuant to First Offender Act is by discretionary appeal).

---

[10] This case is dissimilar to *Jayko v. State*, 335 Ga. App. 684, 686 (782 SE2d 788) (2016), because, rather than challenge "a sentence condition to which [he] is no longer subject[,]" Collins challenges a condition to which he is, but should not be, subject (i.e., the stigma of a conviction). See *State v. Mills*, 268 Ga. 873, 875 (495 SE2d 1) (1998).

[11] The State's argument that Collins' motion is subject to discretionary appeal procedures because it addresses probation revocation is misplaced. See *Jones v. State*, 322 Ga. App. 269 (745 SE2d 1) (2013); *Zamora v. State*, 226 Ga. App. 105 (485 SE2d 214) (1997). First, the State's 1998 petition did not seek, and the trial court did not impose, a revocation of Collins' probation. Second, at the time the State's 1998 petition was filed, Collins' sentence had expired; as a result, there was no probation to revoke. Compare *Jones*, 322 Ga. App. at 269 ("Before the expiration of the probationary period, the state filed a petition for adjudication of guilt and imposition of sentence. . . .").

3. Prior to the expiration of Collins' sentence, the State completed, but the record contains no indication that it filed, a petition "seeking adjudication of unsatisfactory performance." Bearing in mind the two options available under the First Offender Act, there are two primary deficiencies with the State's petition. First, to the extent the petition sought an adjudication of guilt, it was untimely. See OCGA § 42-8-38 (a) (1998); *State v. Mills*, 268 Ga. 873, 874 (495 SE2d 1) (1998) (failure of State to file a petition to revoke defendant's probation during the term of probation precluded State's argument that defendant failed to fulfill the terms of his probation). Compare *Jones*, 322 Ga. App. 269; *State v. Boyd*, 189 Ga. App. 617, 617-618, 619 (377 SE2d 11) (1988) (State filed petition for adjudication of guilt prior to expiration of sentence; "We do not reach the issue of whether a different result would obtain if the state had failed to file its 'Petition for Adjudication of Guilt and Imposition of Sentence' prior to the expiration of the period of first offender probation. . . ."). Second, and of particular relevance, Georgia law does not recognize the trial court's sentence denying Collins discharge and exoneration as sought by the State. See Division 1, supra; *Shaheed*, 274 Ga. at 717; *Davis*, 273 Ga. at 15 ("[u]nder the first offender statute, until an adjudication of guilt is entered, there is no conviction."); *Mills*, 268 Ga. at 875 ("Nothing in [the Act] expressly provides that a 'discharge'

9

from first-offender probation is not . . . automatic, but must be formalized to become effective."). Thus, "if a first-offender probationer is not 'discharged' pursuant to OCGA § 42-8-62, it is only because he did not successfully complete his term of probation." *Mills*, 268 Ga. at 875. "Successful completion" of the term of probation is measured by whether the State timely filed a petition for revocation. See OCGA § 42-8-60 (e), (g) (2016); *Mills*, 268 Ga. at 875. In this case, it did not. Therefore, we conclude that the trial court's sentence denying Collins exoneration and discharge is void as a matter of law. As a result, the trial court's order denying Collins' motion is reversed and this case is remanded for entry of an order of exoneration and discharge consistent with the First Offender Act.[12] See OCGA § 42-8-60 (e), (g), (h) (2016).

*Judgment reversed and case remanded. Doyle, C. J., and Ray, J. concur.*

---

[12] We emphasize that, generally, such an order is not required. See OCGA § 42-8-60 (e), (g) (2016); *Mills*, 268 Ga. at 875 ("Nothing in [the Act] expressly provides that a 'discharge' from first-offender probation is not . . . automatic").