**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 29, 2019**

# In the Court of Appeals of Georgia

A19A1113. HENDRIX v. THE STATE.

RICKMAN, Judge.

Following his convictions for new offenses, the trial court revoked Theron Morrell Hendrix's first offender status and adjudicated him guilty of possession of marijuana with intent to distribute ("Count 1") and possession of a controlled substance with intent to distribute within 1000 feet of a public park ("Count 2"). The trial court also revoked Hendrix's suspended sentence on Count 2 and re-sentenced him for both convictions. On appeal, Hendrix contends, inter alia, that the trial court erred by revoking his first offender status, adjudicating him guilty, and re-sentencing him on Count 1 because his original probated sentence on that count had run prior to the State moving to revoke his first offender status. For the following reasons, we

reverse in part, vacate in part, and remand this case for proceedings consistent with this opinion.

On September 21, 2012, Hendrix entered a negotiated guilty plea to Count 1 and Count 2 (the "Drug Case"). The final disposition form indicates that he was sentenced under the First Offender's Act for both offenses. Hendrix received a sentence of three years on Count 1, with 14 days to be served in incarceration and the remainder on probation. On Count 2, Hendrix received a five year suspended sentence.

In April 2017, Hendrix came before the trial court for an on the record plea offer to resolve his new charges. After detailing the plea offer, the State explained that the sentence on the new charges would be "concurrent to an adjudication of guilt and re-sentencing in [the Drug Case] to [Count 1], possession of marijuana with intent [to distribute], ten years to serve; and then [Count 2], possession of marijuana with intent [to distribute] within a thousand feet of a school, twenty years to serve." A second hearing was held less than a month later and the State again detailed its global plea offer to Hendrix, explaining that the plea offer

> was global . . . because of [the Drug Case] in which [Hendrix] is on a
> First Offender sentence for possession of marijuana with intent [to

distribute] and possession of marijuana with intent to distribute within a thousand feet of a school zone. And he would have been resentenced to a total of twenty years on [Count 2] and ten years on [Count 1], which is the maximum sentences for each of those, to run concurrent with the sentence in the new case.

At the conclusion of the hearing, Hendrix indicated his intent to reject the plea offer and proceed with a jury trial.

Subsequently, the State filed a "Motion to Revoke Suspended Sentence," alleging that Hendrix violated his sentence in the Drug Case by committing offenses in August 2014, March 2015, and February 2016. Hendrix proceeded to trial for those offenses and was convicted on all counts. Following his convictions, Hendrix filed a motion to dismiss the State's motion to revoke his suspended sentence.

On September 6, 2018, a hearing was held on the motion to revoke. At the hearing, Hendrix argued that, notwithstanding the State's multiple on the record announcements pre-trial that it intended to revoke Hendrix's first offender status, its motion referenced only its intent to revoke Hendrix's suspended sentence on Count 2 and was silent as to his first offender status. He argued, therefore, that the State's notice to him was deficient.

3

The trial court allowed the State to amend its motion, and the State served Hendrix with an amended motion during the hearing. The amended motion was captioned, "Amended Motion to Revoke Suspended Sentence and Adjudicate Guilty." Following the hearing, the trial court denied Hendrix's motion to dismiss, revoked his first offender status, revoked his suspended sentence, and re-sentenced him in the Drug Case to serve 10 years on Count 1 and 20 years to serve on Count 2, to run consecutive to Count 1.

1. The State contends that this Court lacks jurisdiction to hear the appeal because Hendrix failed to comply with the discretionary appeal procedure of OCGA § 5-6-35 (a) (5).

Appeals from orders revoking probation are subject to the discretionary appeal procedures of OCGA § 5-6-35 (a) (5). See *Oliver v. State*, 305 Ga. App. 779, 779 n. 1 (700 SE2d 861) (2010) (recognizing that the discretionary appeal requirement in OCGA § 5-6-35 (a) (5) applies explicitly to orders revoking probation). This appeal, however, was from an order revoking a suspended sentence. And "[a]n order revoking a suspended sentence is directly appealable." Id; see *Serpentfoot v. State*, 241 Ga. App. 35 (524 SE2d 516) (1999) (reviewing a direct appeal of a suspended sentence revocation); *White v. State*, 233 Ga. App. 873, 875 (505 SE2d 228) (1998) (noting

4

that OCGA § 5-6-35 (a) (5) "on its face applies only to 'orders revoking probation'").

Accordingly, we have jurisdiction to hear this appeal.

2. Hendrix contends that the trial court erred by revoking his first offender status, adjudicating him guilty, and re-sentencing him on Count 1 because his original probated sentence on that count had run prior to the State moving to revoke his first offender status.

(a) "Under the First Offender Act, a person is either exonerated of guilt and stands discharged as a matter of law upon completion of the term of probation . . . or adjudicated guilty in a petition filed prior to the expiration of the sentence . . . ; the statute does not provide for any other alternative." (Citations and punctuation omitted.) *Collins v. State*, 338 Ga. App. 886, 889 (1) (792 SE2d 134) (2016). See OCGA § 42-8-60 (e) (1) ("A defendant sentenced pursuant to this article shall be exonerated of guilt and shall stand discharged as a matter of law as soon as the defendant . . . [c]ompletes the terms of his or her probation, which shall include the expiration of the sentence by virtue of the time frame of the sentence passing, provided that such sentence has not otherwise been tolled or suspended[.]"); OCGA § 42-8-60 (d) ("The court may enter an adjudication of guilt and proceed to sentence the defendant as otherwise provided by law when the: (1) Defendant violates the

5

terms of his or her first offender probation; (2) Defendant is convicted for another crime during the period of his or her first offender sentence; or (3) Court determines that the defendant is or was not eligible for first offender sentencing under this article.")

Here, Hendrix completed his probation on Count 1 prior to the State filing its petition to revoke his first offender status. "By allowing [Hendrix] to complete his three-year probationary period without initiating any revocation proceedings against him, the State cannot urge that he did not fulfill the terms of his probation." *State v. Mills*, 268 Ga. 873, 874 (495 SE2d 1) (1998). Accordingly, because the State failed to file a petition to revoke Hendrix's first offender status prior to the expiration of his term of probation, the trial court erred by adjudicating him guilty and re-sentencing him on Count 1. See generally id.; *Collins*, 338 Ga. App. at 889 (1).

(b) Although not addressed by either party, the trial court made a sentencing error which resulted in a void sentence being issued on Count 2. "We are required to correct a void sentence, regardless of whether either party has raised the error on appeal." *Hughes v. State*, 341 Ga. App. 594, 597–598 (3) (802 SE2d 30) (2017).

OCGA § 42-8-60 (a) provides as follows:

6

When a defendant has not been previously convicted of a felony, the court may, upon a . . . plea of guilty . . . and before an adjudication of guilt, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and: (1) Place the defendant on probation; or (2) Sentence the defendant to a term of confinement.

"The First Offender Act allows first offenders to enter a plea of guilty or nolo contendere and to be placed on probation or incarcerated without an adjudication of guilt." *Priest v. State*, 261 Ga. 651, 652 (2) (409 SE2d 657) (1991). See *Sims v. State*, 214 Ga. App. 443, 443 (2) (448 SE2d 77) (1994) ("OCGA § 42-8-60 (a) allows first offender treatment in appropriate situations both where the trial court places the defendant on probation and where the court sentences the defendant to a term of confinement.").

"In all criminal cases . . . in which a plea of guilty . . . is entered and in which the court after imposing sentence further provides that the execution of the sentence shall be suspended, such provision shall not have the effect of placing the defendant on probation as provided in this article." OCGA § 42-8-39. See *Williams v. State*, 191 Ga. App. 217, 217 (1) (381 SE2d 399) (1989) ("OCGA § 42-8-39 specifically provides that suspended sentences *shall not have the effect* of placing the defendant on probation.") (punctuation omitted; emphasis in original).

"In the context of a criminal conviction, a sentence is void if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) *Nordahl v. State*, 344 Ga. App. 686, 688 (811 SE2d 465) (2018). "And this is true even for defendants who plead guilty because a defendant who knowingly enters into a plea agreement does not waive the right to challenge an illegal and void sentence." (Citation and punctuation omitted.) Id. "A defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver. That is because a void sentence in law amounts to no sentence at all." (Citation and punctuation omitted.) *Smith v. State*, 292 Ga. App. 689, 691 (665 SE2d 399) (2008). "[A] sentencing court has jurisdiction to vacate a void sentence at any time." (Citation and punctuation omitted.) *In Interest of D. B.*, 341 Ga. App. 559, 564 (1) (802 SE2d 19) (2017).

Here, Hendrix was sentenced on Count 2 to serve a suspended sentence of five years under the First Offender Act. The First Offender Act, however, only authorized the trial court to place Hendrix on probation or to sentence him to confinement. See OCGA § 42-8-60 (a). And the suspended sentence did not have the effect of placing Hendrix on probation. See OCGA § 42-8-39. Accordingly, Hendrix's sentence on Count 2 is void because the trial court imposed a sentence under the First Offender

8

Act that the law does not allow. See generally, *Spargo v. State*, 332 Ga. App. 410, 411-412 (773 SE2d 35) (2015) (remanding a case to the trial court for re-sentencing because the original sentence imposed a punishment that the law does not allow); *Andrews v. State*, 271 Ga. App. 162, 164 (609 SE2d 119) (2004) (holding that the trial court erred in sentencing the defendant under the First Offender Act). Hendrix's adjudication of guilt and re-sentencing on Count 2 is vacated and this case is remanded to the trial court for re-sentencing on Count 2.

*Judgment reversed in part and vacated in part; case remanded. Miller, P. J., and Reese, J., concur*.