**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 7, 2022**

# In the Court of Appeals of Georgia

A22A1064. MCCULLUM v. THE STATE.

RICKMAN, Chief Judge.

Janet Marie McCullum appeals from a Houston County Superior Court order denying her motion to correct a void sentence, arguing that the recidivist sentence issued by that court became void after a different court granted her retroactive first offender treatment on one of the felonies upon which the recidivist sentence was predicated. As explained below, McCullum failed to present a cognizable claim that her sentence was void; accordingly, the sentencing court should have dismissed McCullum's motion for lack of jurisdiction. We, therefore, vacate the sentencing court's order and remand this case with direction that the court dismiss McCullum's motion.

The record shows that in August 2011,[1] McCullum pleaded guilty to one count of trafficking methamphetamine and one count of manufacturing methamphetamine in Houston County. She was sentenced as a recidivist pursuant to OCGA § 17-10-7 (c)[2] and received 40 years, 12 years to serve in incarceration. Her recidivist sentence was predicated upon three prior felony convictions: a 1997 conviction in Peach County, a 2001 conviction in Houston County, and a 2002 conviction in Wilcox County.

In July 2015, a Georgia statute became effective which allows a sentencing court to retroactively grant first offender treatment to qualifying defendants. See OCGA § 42-8-66. Subsection (a) of that statute allows a defendant "who was not

---

[1] Both the trial court's order and McCullum's brief inaccurately state that the guilty plea resulting in McCullum's fourth conviction and the recidivist sentence currently being challenged was entered in 2001; in fact, the plea was entered in 2011.

[2] OCGA § 17-10-7 (c) provides that, with certain exceptions:
any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

informed of his or her eligibility for first offender treatment [to], with the consent of the prosecuting attorney, petition the court in which he or she was convicted for exoneration of guilt and discharge. . . ." Subsection (d) allows for the retroactive application of the statute.

In November 2020, McCullum filed a motion in the Peach County Superior Court seeking retroactive first offender treatment for her 1997 conviction. That court granted McCullum's motion and discharged her without an adjudication of guilt in the 1997 Peach County case.

Thereafter, in July 2021, McCullum filed a motion to correct a void sentence in the Houston County Superior Court, arguing that her recidivist sentence was now void. The court considered McCullum's motion and denied it on the merits. This appeal follows.

McCullum's sole enumeration of error is that the Houston County Superior Court erred by denying her motion because the retroactive grant of first offender treatment for her 1997 Peach County conviction, which served as a predicate felony for her recidivist sentence, rendered her recidivist sentence void. We disagree. But first, we turn to the issue of the sentencing court's jurisdiction.

After a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited. See OCGA § 17-10-1 (f). Generally, the sentencing court loses jurisdiction to modify or vacate such sentence one year after the sentence has been imposed, although it may vacate a void sentence at any time. See id.; *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). In this case, McCullum filed her motion to correct her sentence nearly ten years after the sentence was imposed. Thus, the sentencing court "had jurisdiction of [her] motion only to the extent that it presented a cognizable claim that the sentence was void." *von Thomas*, 293 Ga. at 571 (2). As discussed below, McCullum did not present a cognizable claim that her sentence was void.

It is well established that, "[a] crime is to be punished according to the provisions of the law existing at the time of its commission." (Citation and punctuation omitted.) *Oneill v. State*, 352 Ga. App. 103, 105 (834 SE2d 111) (2019). If the law existing at the time a sentence is issued does not allow the punishment imposed, the sentence is void and it may be challenged at any time. See *Hendrix v. State*, 351 Ga. App. 584, 587-588 (2) (b) (831 SE2d 517) (2019). If, however, the sentence issued falls within the statutory range of punishment, it is not void. See *Collins v. State*, 338 Ga. App. 886, 888-889 (1) (792 SE2d 134) (2016).

4

Here, there is no dispute that the recidivist sentence issued to McCullum fell within the statutory range of permissible punishment at the time it was imposed. See OCGA § 17-10-7 (c). Thus, the sentence is not void. See *Collins*, 338 Ga. App. at 888-889 (1).

McCullum argues nevertheless that subsection (g) of OCGA § 42-8-66, which extends the statute's provisions to any sentence issued on or after March 18, 1968, compels a different result.[3] But although subsection (g) defines the oldest conviction to which the benefits of OCGA § 42-8-66 may be conferred, neither it nor anything else in the text of the statute mandates the retroactive nullification of an otherwise lawfully imposed recidivist sentence.[4] Such an extension of the statute would be a task for the legislature, not this Court. See generally *Bishop v. State*, 341 Ga. App. 590, 591-592 (802 SE2d 39) (2017).

---

[3] We note that OCGA § 42-8-66 (g) was not enacted until 2017, six years after McCullum's recidivist sentence was imposed. See Ga. L. 2017, Act 219 § 1.

[4] Contrary to McCullum's assertion, this case is not akin to that of a defendant challenging his or her sentence after the punishment imposed has then been deemed unconstitutional at a later date. "When a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful" and, thus, void from its inception. *Montgomery v. Louisiana*, 577 U. S. 190, 201(II) (136 SCt 718, 193 LEd2d 599) (2016). This case does not have constitutional implications.

Because McCullum's motion presented no cognizable claim that her sentence was void, the sentencing court should have dismissed the motion for lack of jurisdiction. See *von Thomas*, 293 Ga. at 571 (2); *Kimbrough v. State*, 325 Ga. App. 519, 521 (1) (754 SE2d 109) (2014) (holding that a claim challenging the existence or validity of a former conviction used for recidivist punishment does not raise a cognizable void sentence claim). Accordingly, we vacate the order denying McCullum's motion and remand this case to the sentencing court for dismissal of the motion.

*Judgment vacated and case remanded with direction. Miller, P. J., and Pipkin, J., concur.*