**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 15, 2023**

# In the Court of Appeals of Georgia

A23A1138. MARTIN v. THE STATE.

MARKLE, Judge.

After the trial court revoked Rodney Oliver Martin's First Offender status and denied his motion for discharge, Martin appealed, arguing that the trial court erred by revoking his status because he had already completed his term of probation. For the reasons that follow, we reverse the trial court's order revoking probation, and remand the case with direction to discharge Martin.

"Because this appeal presents only questions of law, we perform a de novo review of the trial court's order." (Citation and punctuation omitted.) *Kinsey v. State*, 350 Ga. App. 317, 318 (829 SE2d 398) (2019).

The facts of this case are undisputed. In 2017, Martin entered nolo contendere pleas to two counts of terroristic threats, and he was sentenced as a First Offender to

five years' probation.[1] Per the special conditions of his probation, Martin was to have no contact with his victims, complete drug testing and community service, pay a fine, participate in family violence intervention, and he was barred from the area near his victims' home. The trial court later modified Martin's sentence at his request so that his probation would terminate after two years if he did not commit any new violations.

In 2019, the State filed a petition alleging that Martin violated his probation by possessing marijuana and contacting his victims. After Martin admitted the allegations, the trial court withheld adjudication and continued his probation, ordering him to serve 60 to 90 days in a probation detention center.[2]

The following year, the State filed another revocation petition, alleging that Martin violated his probation by testing positive for drugs and failing to pay all court ordered monies. Martin again admitted the allegations, and the trial court continued his probation and ordered that Martin retain his First Offender status.

---

[1] Martin was initially charged with two counts of aggravated assault and two counts of possession of a firearm during the commission of a felony. The State nolle prossed the firearm charges, and Martin entered a plea to the reduced charges.

[2] The revocation of a first offender's probation is not the same as revocation of First Offender status. See *Benton v. State*, 314 Ga. 498, 503 (2), n. 7 (877 SE2d 603) (2022).

In May 2022, the State served Martin with another petition to revoke his probation, alleging that he had tested positive for drugs, engaged in contact with his victims, and entered the area from which he was barred. Unlike the previous petitions, this one was not filed with the trial court. Martin appeared at an initial hearing and denied the allegations, and the trial court set an evidentiary hearing to consider the allegations in the revocation petition.[3] It appears that, during that initial hearing, the trial court may have received a copy of the revocation petition for its "records." But the record does not contain a stamped petition.

In July 2022, Martin filed a motion to dismiss the revocation petition because his term of probation had ended the previous month. The trial court denied the motion because Martin had received notice of the new allegations before the term of probation expired, and there was no requirement that the State file a revocation petition with the court. Martin then moved for discharge and acquittal, arguing that

---

[3] The hearing was set for mid-June, prior to the expiration of Martin's term of probation, and rescheduled for July, after the expiration of his term, at the request of Martin's counsel. In its final order denying Martin's motion for discharge, the trial court noted that the "delay" in the timely hearing was due to Martin's counsel. Notably, however, the State had sufficient time prior to the expiration of Martin's probation to timely file the revocation petition, yet it failed to do so. We also note that, at some point after the probation period expired, the State advised Martin that it would amend the charges, but no amended petition was ever filed.

the court had never entered an order of adjudication prior to the expiration of his probation term, and therefore, he was entitled to be released. The trial court denied the motion.

Before the hearing occurred, Martin filed his notice of appeal from the trial court's order denying his motion for discharge and acquittal. The following week, despite the notice of appeal, the trial court conducted a revocation hearing, found Martin had committed the probation violations, adjudicated him guilty, and revoked his First Offender status. The court sentenced him to probation with credit for time served. Martin now appeals, arguing that the trial court erred by adjudicating him guilty and revoking his First Offender status after his term of probation expired.

1. Before we turn to the merits of Martin's appeal, we must first consider an issue of jurisdiction. *Andrews v. State*, 276 Ga. App. 428, 430 (1) (623 SE2d 247) (2005) ("[i]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.") (citation and punctuation omitted).

Martin filed his first notice of appeal from the denial of his motion for discharge and acquittal prior to the revocation hearing. At the hearing, Martin argued that this divested the trial court of jurisdiction to revoke his probation. The State

4

argued, and the trial court agreed, that it retained jurisdiction because Martin was required to file a discretionary application to appeal the court's order. But the trial court — and the State — were incorrect.

Martin's notice of appeal acted as supersedeas even though he did not follow the discretionary application procedures. See *Scroggins v. State*, 288 Ga. 346, 347 (703 SE2d 622) (2010), overruled on other grounds by *Ricks v. State*, 303 Ga. 567, 568, n. 1 (814 SE2d 318) (2018). Thus, once Martin filed his notice of appeal, the trial court lacked authority to "affect the judgment appealed, [and] subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (Citation and punctuation omitted.) *Scroggins*, 288 Ga. at 347; *Ricks*, 303 Ga. at 567. Moreover, the trial court lacks authority to determine whether an appeal required a discretionary application, as that determination is properly for this Court. *Evans v. Jackson*, __ Ga. App. __ (1) (a) (889 SE2d 343, 346 (1) (a)) (2023) ("[a]n appellate court is the sole authority in determining whether a filed notice of appeal or discretionary application is sufficient to invoke its jurisdiction.") (citation and punctuation omitted). As a result, the trial court erred by conducting the revocation proceedings after the first notice of appeal was filed, and the trial court's order revoking Martin's First Offender status is void.

2. We next consider whether we may reach the issues raised in regard to the trial court's first order denying Martin's motion for discharge and acquittal, which the State argued was subject to the discretionary application procedures. OCGA § 5-6-35 (a) (5), (b). We conclude that Martin was entitled to a direct appeal from the denial of this motion.

Martin filed a motion to discharge his sentence, arguing that he was entitled to be released because the trial court never adjudicated him guilty and revoked his First Offender status before his term of probation ended. We consider the substance of a motion and not its nomenclature, and have routinely considered motions seeking to discharge First Offender status as motions to correct void sentences, the denial of which would be subject to a direct appeal. See *Giles v. State*, 362 Ga. App. 237 (867 SE2d 840) (2022); see also *Kinsey*, 350 Ga. App. at 318 ("The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and . . . . [i]t is well settled that . . . a sentence is void if the court imposes a punishment that the law does not allow.") (citations and punctuation omitted); *Collins v. State*, 338 Ga. App. 886, 888 -889 (1) (792 SE2d 134) (2016) (construing motion for discharge as motion to correct a void sentence and considering

merits on direct appeal). We therefore conclude that Martin was permitted to file a direct appeal of the denial of his motion.

3. Turning to the merits of the appeal, Martin argues that he was entitled to a discharge and acquittal because he was not adjudicated guilty and his status was not revoked prior to the expiration of his probation. According to Martin, the trial court lacked the ability to revoke his First Offender status after his term of probation expired, because to do so would amount to an increase in punishment. He notes that discharge would be automatic, and the State cannot circumvent the requirements by simply announcing its intent to revoke, but never filing any revocation petition. We agree.

"In our review of a statute we must construe a statute according to its own terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." (Citation and punctuation omitted.) *Irving v. State*, 367 Ga. App. 814, 815 (1) (888 SE2d 591) (2023).

When a defendant has been sentenced under the First Offender Act, he "shall be exonerated of guilt and shall stand discharged as a matter of law as soon as the defendant . . . [c]ompletes the terms of his or her probation, which shall include the expiration of the sentence by virtue of the time frame of the sentence passing[.]"

7

OCGA § 42-8-60 (a), (e) (1) (2016). Thus, "[i]f . . . the state does not seek to have a first offender adjudicated guilty during the term of the first offender's sentence . . . , the defendant shall be exonerated of guilt and shall stand discharged as a matter of law." OCGA § 42-8-60 (g); see also *State v. Mills*, 268 Ga. 873, 874 (495 SE2d 1) (1998).

Under the plain language of the statute, a defendant is automatically discharged if there is no adjudication of guilt prior to the completion of the probationary term. Id.; *Seibert v. Alexander*, 351 Ga. App. 446, 451 (3) (829 SE2d 473) (2019); *Ailara v. State*, 311 Ga. App. 862, 864 (717 SE2d 498) (2011) (where trial court never revoked first offender status, or adjudicated defendant guilty, discharge was automatic once defendant completed his term of probation). Nevertheless, a trial court may revoke a first offender's status and adjudicate him guilty even if the term had expired as long as the State initiated revocation proceedings prior to the expiration of his term of probation. *State v. Boyd*, 189 Ga. App. 617, 618 (377 SE2d 11) (1988). At issue, then, is what is required to "seek" an adjudication of guilt. In other words, must the State file a petition to revoke or was it sufficient to give Martin notice of its intent to do so.

The answer to this question depends on our rules of statutory interpretation.

8

In interpreting statutes, we presume that the General Assembly meant what it said and said what it meant. In our effort to determine a statute's meaning, we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. We must also seek to effectuate the intent of the Georgia legislature. In this regard, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole. . . . [And,] [w]e acknowledge our obligation to construe criminal statutes strictly against the State according to the natural and obvious import of their language, taking care not to extend the application of the law by subtle and forced interpretations.

(Citations and punctuation omitted.) *Lester v. State*, 368 Ga. App. 51, 53-54 (889 SE2d 159) (2023).

Here, OCGA § 42-8-60 (g) uses the term "seek," which means "to ask for." https://www.merriam-webster.com/dictionary/seek (last visited Aug. 29, 2023). When we consider the term's plain meaning, and being mindful that we construe criminal statutes against the State, we must conclude that the State has "to ask" the trial court to revoke probation, and the way that it does so is through the filing of a petition,

9

which invokes the trial court's continuing jurisdiction. *Wolcott v. State*, 278 Ga. 664, 666 (1) (604 SE2d 478) (2004).

The State contends that it is not required to file the petition with the court, and that serving it on the defendant, as was done in this case, was sufficient. Although we agree that the State must give a defendant notice of the allegations prior to the revocation hearing, that does not eliminate the requirement that the State file the petition with the trial court in order to "seek" revocation. *Collins*, 338 Ga. App. at 890-891 (3) (discharge requires successful complete of probation, which is "measured by whether the State *timely filed a petition* for revocation.") (emphasis supplied); OCGA § 42-8-29 (a) ("It shall be the duty of each [probation] officer to investigate all cases referred to him or her by the court and to make findings and report thereon in writing to the court with a recommendation."); *Wolcott*, 278 Ga. at 666 (1) (describing probation officer's written report as a petition to revoke probation); *Summerford v. State*, 316 Ga. App 201, n. 2 (728 SE2d 829) (2012) (where Stated filed amended petition on date of hearing, lack of due process prevented State from relying on new allegations).

Indeed, the practice of filing petitions has been the standard for almost a century. See *Leverette v. State*, 248 Ga. App. 304, 304-305 (1) (546 SE2d 63) (2001).

10

And both the Supreme Court of Georgia and this Court have previously implied that the State must "file" a petition prior to the end of the probation period. See *Mills*, 268 Ga. at 874 ("the State was authorized, within the period of probation, to arrest [defendant] and to seek a revocation of his probation. It is undisputed, however, that during the probationary period, the State did not file a petition alleging [defendant's] subsequent drug offense as a basis for revoking his probation.") (citation omitted); *Hendrix v. State*, 351 Ga. App. 584, 586 (2) (a) (831 SE2d 517) (2019) ("because the State failed to file a petition to revoke Hendrix's first offender status prior to the expiration of his term of probation, the trial court erred by adjudicating him guilty and resentencing him[.]"); see also *Collins*, 338 Ga. App. at 890 (3) (State failed to file petition for revocation or serve the defendant).

In this case, the State may have satisfied due process when it notified Martin of its intent to revoke his probation, but it did not "seek" the revocation because it failed to timely file that petition.[4] Compare *Thurmond v. State*, 353 Ga. App. 506, 510

---

[4] In agreeing with the State, the trial court cited a Department of Community Supervision policy that only required notice be given to the defendant, not that it be filed with the court. Although the Department of Community Supervision is required to enact rules and regulations for probation management, we note that there is no copy of this policy in the record, and no substantiation of the authority for this policy. OCGA § 42-8-24 (b). Thus, we cannot conclude that we may take judicial notice of it. See Davis & Schulman's Ga. Practice & Procedure, § 7:9 (2022-2023 ed.) ("Proof

(838 SE2d 592) (2020) (State satisfied due process by filing a petition for revocation notifying defendant of charges); *Collins*, 338 Ga. App. at 890 (3) (State's failure to timely file petition or serve the defendant precluded revocation). As detailed above, we conclude that the State was required to timely file a petition with the court, and its failure to do so results in Martin's automatic discharge.[5] Accordingly, we reverse the trial court's orders denying Martin's motion for discharge, and remand the case with instructions to discharge him.

*Judgment reversed and case remanded with direction. McFadden, P. J., and Brown, J., concur.*

---

of law or regulations, other than the Official Code of Georgia and state regulations promulgated under the Administrative Procedure Act and published by the Secretary of State as the Official Regulations of the State of Georgia, must be pled and proved . . . , because judicial notice cannot be taken of rules, regulation, and ordinances not authorized for publication").

[5] By way of analogy, the State must file an indictment to initiate criminal proceedings, and it must do so within the statute of limitation. See *Lynch v. State*, 346 Ga. App. 849, 856 (3) (a) (i) (815 SE2d 340) (2018). It is not sufficient to merely inform a defendant that the State intends to charge him with a crime.