**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 3, 2019**

# In the Court of Appeals of Georgia

A19A0312. KINSEY v. THE STATE.

R<small>EESE</small>, Judge.

Eddonis Kinsey appeals the reinstatement of her probation, following her negotiated guilty plea to the crime of theft by taking, for which she was sentenced under the first offender statute.[1] She argues that the State's motion for probation reinstatement was out of time and that the trial court's reinstatement of her probation subjected her to double jeopardy. For the reasons set forth infra, we reverse.

Viewed in favor of the trial court's ruling,[2] the record shows that on June 19, 2013, the Appellant pled guilty in the Superior Court of Fulton County to one count of theft by taking. The trial court sentenced the Appellant under the first offender

---

[1] See OCGA § 42-8-60.

[2] See *Grinstead v. State*, 269 Ga. App. 820, 821 (605 SE2d 417) (2004).

statute[3] to serve ten years on probation and to pay restitution in an amount to be determined after a hearing. On March 19, 2014, after a hearing, the parties entered into a consent order for restitution, and the trial court ordered the Appellant to pay $38,906.09 in restitution during the "full length of the sentence[.] The trial court also ruled that her "probation may be suspended[,] and [the] case terminated[,] upon payment of the full amount of restitution," as long as she complied with the other terms of her probation.

On December 5, 2017, after the Appellant had served about four years of her ten-year probation sentence, her probation officer filed a petition for termination of probation pursuant to OCGA §§ 42-8-37 (d) and 42-8-60 (e).[4] In the petition, the Appellant's probation officer asserted that the Appellant was "in compliance [and] owe[d] no restitution[.]" Thereafter, the trial court entered an order, filed on December 14, 2017, terminating the Appellant's probation and discharging her

---

[3] See OCGA § 42-8-60 (a) (Pursuant to the first offender statute codified under OCGA § 42-8-60 (a), a trial court may, "[w]hen a defendant has not been previously convicted of a felony, … without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and: (1) [p]lace the defendant on probation; or (2) [s]entence the defendant to a term of confinement.") (punctuation omitted).

[4] See Division 1, infra.

sentence. During the subsequent term of court,[5] on February 7, 2018, the trial court entered a consent order to seal the Appellant's criminal records and related documents.

On May 9, 2018, the State filed a motion to void the order terminating the Appellant's probation, arguing that order was a nullity because the petition for termination of the probation erroneously stated that the Appellant had fulfilled the conditions set forth in OCGA § 42-8-37 and that she did not owe restitution. After a hearing, the trial court granted the State's motion and reinstated the Appellant's probation. This appeal follows.

"Because this appeal presents only questions of law, we perform a de novo review of the trial court's order."[6] "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider

---

[5] See OCGA § 15-6-3 (3) (The terms of court for the Superior Court of Fulton County begin on the "[f]irst Monday in January, March, May, July, September, and November.").

[6] *Bell v. State*, 323 Ga. App. 751 (748 SE2d 114) (2013) (citation and punctuation omitted).

3

it."[7] It is well settled that "a judgment is not void so long as it is entered by a court of competent jurisdiction [but] a sentence is void if the court imposes a punishment that the law does not allow."[8] "[A] sentencing court retains jurisdiction to correct a void sentence at any time[.]"[9] "Criminal statutes must be strictly construed against the State."[10] With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

1. The Appellant argues, inter alia, that the trial court erred in granting the State's motion to void the Appellant's order terminating probation, arguing that the motion was untimely. We agree and reverse.

In pertinent part, a defendant sentenced under the first offender statute[11]

shall be exonerated of guilt and shall stand discharged as a matter of law as soon as the defendant: (1) Completes the terms of his or her

---

[7] OCGA § 17-9-4.

[8] *State v. King*, 325 Ga. App. 445, 446 (750 SE2d 756) (2013) (citations and punctuation omitted).

[9] *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010) (citations and punctuation omitted).

[10] *Davis v. State*, 273 Ga. 14, 15 (537 SE2d 663) (2000).

[11] See OCGA § 42-8-60. The first offender statute was revised, effective July 1, 2016. See Ga. L. 2016, p. 443, §§ 6A-1, 14-1 (a).

4

probation, which shall include the expiration of the sentence by virtue of the time frame of the sentence passing, provided that such sentence has not otherwise been tolled or suspended; [or] (2) Is released by the court under Code Section 42-8-37 prior to the termination of the period of his or her probation[.][12]

OCGA § 42-8-37 (d) (1), (2) states, in pertinent part, that, for a person who has received a probated sentence of at least three years, the Department of Community Supervision ("DCS")[13] shall

file a petition to terminate his or her probation if, after serving three years on probation, the probationer has: (A) Paid all restitution owed; (B) Not had his or her probation revoked during such period; and (C) Not been arrested for anything other than a nonserious traffic offense as defined in Code Section 35-3-37. . . . When such petition is unopposed,

---

[12] OCGA § 42-8-60 (e) (1), (2) (punctuation omitted); see also OCGA § 42-8-37 (a) ("Upon the termination of the probated portion of a sentence, the probationer shall be released from probation and shall not be liable to sentence for the crime for which probation was allowed[.]"); *Jackson v. State*, 299 Ga. App. 356, 358 (1) (683 SE2d 60) (2009) ("[T]he plain language of the [first offender] statute provides that, . . . once a first offender has been discharged without an adjudication of guilt, he or she stands completely exonerated and shall not be considered as having been convicted of a crime.") (punctuation and footnote omitted).

[13] See generally OCGA § 42-8-21 (1) ("DCS means the Department of Community Supervision.").

5

the [trial] court shall issue an order as soon as possible or otherwise set the matter for a hearing within 90 days of receiving such petition.[14]

The trial court, in granting the State's motion, and reinstating the Appellant's probation, ruled that the Appellant had failed to make "a single restitution payment[,]" as required by the terms of her probation. Thus, according to the trial court, the petition to terminate probation was "submitted in contravention to law (and fact) and [was] void[,]" because the Appellant failed to comply with the requirements set forth in OCGA § 42-8-37. In support of its ruling, the trial court relied on *Pestana v. State*[15] as legal authority.

In *Pestana*, the appellant was charged with aggravated assault, and he accepted a plea deal sentencing him to serve ten years of probation under the first offender statute.[16] After serving approximately three and a half years on probation, a probation officer filed a petition for discharge indicating that the appellant had "fulfilled the terms of his probation."[17] Neither the district attorney nor the victim of the aggravated

---

[14] (Punctuation omitted.)

[15] 328 Ga. App. 454 (762 SE2d 178) (2014).

[16] See *Pestana*, 328 Ga. App. at 454.

[17] See id.

6

assault were notified of or participated in the "discharge process."[18] In July 2013, the trial court signed an order terminating his probation.[19] Upon learning of the discharge, the district attorney's office filed a motion for reconsideration in September 2013, during the same term of court in which the discharge order was signed.[20] According to the motion, the petition for discharge provided an incorrect date for the appellant's conviction, so that it appeared that the appellant had served the entire ten-year probated sentence.[21] Following a hearing, the trial court granted the motion for reconsideration and reinstated the appellant's sentence.[22] On appeal, this Court affirmed the trial court's ruling, holding that the trial court "explicitly proceeded" under its inherent authority to modify or vacate its orders or judgments during the same term of court in which the judgement was rendered.[23] This Court also ruled that

---

[18] See id. at 455.

[19] Id.

[20] See id.

[21] Id.

[22] See id. at 456.

[23] Id. at 456 (1); see also *Buice v. State*, 272 Ga. 323, 324 (528 SE2d 788) (2000) ("Courts of record retain full control over orders and judgments during the term at which they were made, and, in the exercise of a sound discretion, may revise or vacate them. Such discretion will not be controlled unless manifestly abused.")

7

the order was void because there was a defect appearing on the face of the discharge petition (i.e., the date of conviction), so the trial court was authorized to correct the error during the same term of court.[24]

In this case, the trial court's reliance on *Pestana* is misplaced because the circumstances in the instant action are clearly distinguishable. Here, the trial court terminated the Appellant's probation on December 14, 2017. Pursuant to OCGA § 15-6-3 (3), that term of court expired on December 31, 2017.[25] The State did not file its motion to void the order terminating the Appellant's probation until May 9, 2018, three terms of court after the termination order was entered.[26] Thus, unlike in *Pestana*,

---

(citations and punctuation omitted); *Pledger v. State*, 193 Ga. App. 588, 589 (2) (a) (388 SE2d 425) (1989) ("The power of the court, during the term, is described as plenary, to be used for the purpose of promoting justice, but the court's discretion, although broad, is not unbounded and should be exercised only upon sufficient cause shown.").

[24] *Pestana*, 328 Ga. App. at 456 (1); see OCGA § 17-9-61 (a) ("When a judgment has been rendered, either party may move in arrest thereof for any defect not amendable which appears on the face of the record or pleadings.").

[25] See footnote 5, supra.

[26] See OCGA § 15-6-3 (3).

8

the trial court no longer possessed the inherent power to modify or correct its order discharging the Appellant.[27]

The State argues in its brief that "[t]he soonest the trial court could have theoretically learned of the error [that the Appellant had not paid restitution in full], was outside the term of court." We find the State's argument unavailing.

Of note, the State has not argued in its briefs that it did not receive timely notice of the trial court's order entered December 14, 2017, nor that it lacked the ability to file a motion to address the termination of the Appellant's probation within that term of court, i.e., prior to the first Monday in January 2018. The record shows that during the next term of court, on February 7, 2018, the State and the Appellant entered into a consent order to seal the Appellant's criminal records and related documents in this case, pursuant to OCGA § 35-3-37 (m). In the consent order, the parties acknowledged that "[t]he final disposition of this case was by FIRST OFFENDER ACT dated FEBRUARY 3, 2011."

---

[27] See *Pritchett v. State*, 267 Ga. App. 303, 305 (2) (599 SE2d 291) (2004) (affirming a defendant's 25-year sentence although the trial court, during the same term of court, had orally pronounced a 15-year sentence, in part because "the trial court had the inherent power to revise the judgment during the term of court in which it was entered[.]") (citing *Buice*, 272 Ga. at 324).

Also, the State's argument that the Appellant induced the error resulting in her probation termination is without merit. There is no evidence in the record showing the status of the restitution payments, and at the hearing, the State did not introduce any evidence of the amount of restitution paid, if any, by the Appellant.[28]

The discharge order did not impose an illegal sentence.[29] Finally, the trial court's reliance on *Pestana* for a finding that the order was void is inapposite, as this Court did not find that the order in *Pestana* was void, but that it contained an error that could be corrected during the same term of court.[30]

Based on the unique circumstances in this case, the trial court erred in rescinding the termination of the Appellant's probation, outside the term of court because under the first offender statute, the Appellant had been discharged as a matter

---

[28] See *Gramiak v. Beasley*, 304 Ga. 512, 516 (I) (C) (820 SE2d 50) (2018) ("Arguments and representations made in court briefs . . . do not constitute record evidence to support a finding of fact.").

[29] *Collins v. State*, 338 Ga. App. 886, 888-889 (1) (792 SE2d 134) (2016) (A sentence that "falls within the statutory range of punishment . . . is not void.") (citation and punctuation omitted).

[30] See *Pestana*, 328 Ga. App. at 457-459 (2).

of law and the trial court lacked jurisdiction to modify, correct, or rescind the valid discharge order.[31]

2. In light of our decision in Division 1, supra, the Appellant's remaining argument is moot.

*Judgment reversed. Miller, P. J., and Rickman, J., concur.*

---

[31] See generally *State v. Mills*, 268 Ga. 873, 875 (495 SE2d 1) (1998) ("[N]othing in [the first offender statute] expressly provides that a 'discharge' from first-offender probation is not . . . automatic, but must be formalized to become effective.") (punctuation omitted); *White v. State*, 274 Ga. App. 805, 806-807 (619 SE2d 333) (2005) (After the Board of Pardons and Parole Board ("Board") discharged the appellant from his sentences, the State moved to revoke his probation based on the appellant's alleged additional probation violations. The trial court granted the State's motion, but this Court reversed, ruling that the Board's termination resulted in no remaining sentence to serve, so the trial court could not "revoke a terminated probationary sentence.").