**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2020**

# In the Court of Appeals of Georgia

A19A1973. TAYLOR v. THE STATE.                                    DO-066 C

DOYLE, Presiding Judge.

This appeal arises from the trial court's grant of the State's motion for reconsideration of the court's order terminating first offender probation and discharging Carrinn Jan Taylor from custody despite the fact that she still owed $128,978.27 in restitution. After the mistake was discovered, the State moved for reconsideration of the discharge and termination, which motion the trial court granted. Taylor appeals, arguing that the trial court erred because the State filed its motion outside the proper term of court. For the reasons that follow, we reverse.

The facts in this appeal are not in dispute. In November 2011, Taylor pleaded guilty to theft by taking and was placed on first offender felony probation[1] for ten

---

[1] OCGA § 42-8-60.

years. Taylor was also ordered to pay restitution in the amount of $140,078.27 to her victim, the Alliance for Children Enrichment, at the rate of $150 per month.

In 2017, the Department of Community Supervision ("DCS") filed a petition for termination of Taylor's probation, incorrectly stating that Taylor owed no restitution, which petition was granted on February 2, 2018.[2] On February 15, 2018, the trial court ordered Taylor discharged under the provisions of the First Offender Act.

On April 4, 2018, the State filed a motion for reconsideration and to vacate the orders granting the DCS's petition for termination of Taylor's probation and discharge without adjudication of guilt, explaining that the petition wrongly stated Taylor owed no restitution when she in fact owed $128,978.27 of the total amount she was sentenced to repay. Taylor responded, arguing that the motion for reconsideration could not be granted because it was filed outside the term of court of the trial court's order discharging her from custody and terminating her probation.[3] In response, the

---

[2] The petition was completed in December 2017, but was not date stamped as filed with the superior court until February 6, 2018. The petition contains an order of termination signed by the trial court on February 2, 2018.

[3] See OCGA § 15-6-3 (14) (B) (terms of superior court in Coweta County are on the first Monday in March and the first Tuesday in September).

State argued that under OCGA § 42-8-37 (d) (1), the petition was void as a matter of law, and therefore, the trial court's order granting the petition also was void. After a hearing, the trial court granted the motion.

Taylor appeals, reiterating her argument that the trial court was prohibited from granting the State's motion for reconsideration outside the term of court, while the State argues that the order granting the petition was void and therefore could be reconsidered outside the term of court.

After the trial court entered its order granting the State's motion for reconsideration and vacating its grant of DCS's petition to terminate Taylor's probation, this Court issued its opinion in *Kinsey v. State*,[4] in which this Court addressed an identical situation and arguments.[5] The State has provided no compelling reason for this Court to deviate from its decision in *Kinsey*, and therefore, the trial court's order granting the State's untimely motion for reconsideration is

---

[4] 350 Ga. App. 317 (829 SE2d 398) (2019).

[5] See id. at 318-321 (1) (distinguishing the situation from *Pestana v. State*, 328 Ga. App. 454 (762 SE2d 178) (2014), in which the trial court's order reinstating probation after initially terminating it based on an erroneous petition was upheld because the trial court "explicitly proceeded under its inherent authority to modify or vacate its own orders or judgment during the *same* term of court").

reversed, thereby reinstating the trial court's February 2 and February 15 orders terminating Taylor's probation and discharging her under the First Offender Act.[6]

*Judgment reversed. Coomer and Markle, JJ., concur.*

---

[6] See *Kinsey*, 288 Ga. App. at 318-322 (1). See also *Chishti v. State*, 288 Ga. App. 230, 230-231 (653 SE2d 830) (2007) (holding that the trial court was not authorized to grant the State's motion for reconsideration of its order granting a motion for discharge and acquittal).