## A11A1371. AILARA v. THE STATE.
(717 SE2d 498)

MILLER, Presiding Judge.

Rasheed Ailara pled guilty to the offense of child molestation and was sentenced under the First Offender Act, OCGA § 42-8-60 et seq., to serve 11 years on probation. Upon conclusion of Ailara's probationary period, Ailara filed a petition for discharge without court adjudication of guilt. Finding that Ailara had twice violated the terms of his probation, the trial court denied Ailara's petition. On appeal, Ailara contends that the trial court erred by refusing to discharge him. As neither party disputes that Ailara was automatically discharged under the First Offender Act, we reverse the trial court's order.

Ailara was indicted on three counts of child molestation (OCGA § 16-6-4 (a)[1]) based upon a sexual encounter that occurred in December 1997, when Ailara was seventeen years old and the minor female victim was ten years old. At a hearing on January 11, 2000, Ailara entered a guilty plea[2] to one count of child molestation, which was based upon Ailara exposing his penis to a minor child. The trial court sentenced Ailara under the First Offender Act to 11 years to be served on probation. The conditions of Ailara's probation included his participation in specialized sex offender probation, completion of probation boot camp, and no contact with the minor female victim.

On August 16, 2005, the State filed a petition for adjudication of guilt and imposition of sentence, asserting that Ailara had violated the terms and conditions of his probation by "fail[ing] to not possess or subscribe to any sexually oriented or sexual[ ] material to include computer internet access nor patronize any place where such material or entertainment is available." At a hearing on the State's

---

[1] OCGA § 16-6-4 (a) provides in relevant part: "A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"

[2] Ailara entered an *Alford* plea. See *McKiernan v. State*, 288 Ga. 140, 142 (2) (702 SE2d 170) (2010) ("Under *North Carolina v. Alford*, [400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970),] the trial court may accept a guilty plea from a defendant who claims innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence.") (citation omitted).

petition, the trial court reinstated Ailara's probation, but imposed the additional condition of probation that Ailara "stay away from any kind of chat room, any kind of website that may even have children under the age of 18 communicating on it."

Two years later, on August 16, 2007, the State filed another petition for adjudication of guilt and imposition of sentence, asserting that Ailara violated the terms and conditions of his probation by failing to not possess any pornographic material. At the subsequent hearing, Ailara stipulated to the violations contained in the State's petition and agreed that his probation would be revoked for a period of 18 months, after which his probation would be reinstated under the First Offender Act. The parties also stipulated, and the trial court agreed, that Ailara's 18-month probation revocation was not an adjudication of guilt.

When Ailara's probation period came to an end, Ailara filed a petition for discharge under the First Offender Act. The trial court, however, denied Ailara's petition on the ground that Ailara's criminal record reflected "two probation violations, with one violation resulting in confinement for a period of 18 months."

The First Offender Act provides:

> Upon a . . . plea of guilty . . . , but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:
> (1) Defer further proceeding and place the defendant on probation as provided by law; or
> (2) Sentence the defendant to a term of confinement as provided by law.

OCGA § 42-8-60 (a).[3]

> Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged without court adjudication of guilt . . . and the defendant shall not be considered to have a criminal conviction.

---

[3] We note that individuals convicted of sexual offenses as defined in OCGA § 17-10-6.2 are not eligible for first offender consideration under the current version of the Act. OCGA § 42-8-60 (d) (2); see also OCGA § 17-10-6.2 (a) (5) ("sexual offense" includes child molestation as defined in OCGA § 16-6-4 (a)). However, OCGA § 42-8-60 (d) (2) did not become effective until July 1, 2006, Ga. L. 2006, p. 379, §§ 26, 30, and was therefore not applicable to Ailara's 1997 child molestation offense.

OCGA § 42-8-62 (a).

During the term of Ailara's first offender probation, he was accused of violating the terms of his probation on two separate occasions, with one such occasion resulting in the revocation of his probation for a period of eighteen months. "Upon violation by the defendant of the terms of probation, ... the court may enter an adjudication of guilt and proceed as otherwise provided by law." OCGA § 42-8-60 (b). Nevertheless, "[d]epending on the severity of the crime committed and all the facts and circumstances of the case," OCGA § 42-8-60 (b) gives the trial court "discretion to determine if it is appropriate to revoke first offender status, enter an adjudication of guilt, and resentence on the underlying offense." *Bliss v. State*, 244 Ga. App. 160 (535 SE2d 251) (2000). Here, despite Ailara's two violations of the conditions of probation, the trial court utilized its discretion to continue Ailara's first offender probation and never revoked his first offender status, entered an adjudication of guilt, or resentenced Ailara for his underlying crime of child molestation.

Accordingly, upon fulfillment of Ailara's probationary period, he was entitled to discharge under the First Offender Act. "[A] first-offender probationer is automatically discharged upon the successful completion of the terms of the sentence without the necessity of any subsequent certification of that successful completion in the records of the trial court." *Humphreys v. State*, 287 Ga. 63, 70-71 (4) (694 SE2d 316) (2010) (citing *State v. Mills*, 268 Ga. 873, 875 (495 SE2d 1) (1998); OCGA § 42-8-62 (a)). Significantly, the State does not dispute that Ailara completed his probationary period and in fact concedes that "Ailara was automatically discharged under OCGA [§] 42-8-62 when no adjudication of guilt was entered during the term of his first offender probationary sentence." The State instead contends that Ailara's appeal should be dismissed because "the trial court's unnecessary and 'merely ministerial' order was not subject to appeal." To the extent the State is claiming that the trial court's order is moot, however, "it does not appear that [Ailara] would fail to derive any benefit from a favorable ruling in this appeal." (Citation omitted.) *O'Neal v. Oxendine*, 237 Ga. App. 171, 174, n. 2 (514 SE2d 908) (1999); see *Trotman v. Velociteach Project Mgmt.*, 311 Ga. App. 208, 210 (1), n. 6 (715 SE2d 449) (2011) ("[T]he primary criterion in making the mootness determination is whether the appellant would derive any benefit from the appeal of the moot issue.") (citation and punctuation omitted). Notwithstanding the automatic nature of Ailara's discharge, the trial court's order speaks for itself. And as long as the clerk of the trial court has not entered " 'on the criminal docket and all other records of the court pertaining thereto' a specified notice of the defendant's discharge and the legal effect thereof," *Mills*, supra, 268 Ga. at 875 (citing OCGA § 42-8-62 (a)),

Ailara would benefit from reversal of the trial court's erroneous order. Therefore, we reverse and remand this case with direction to the trial court to vacate its order denying Ailara's discharge from first offender probation.

*Judgment reversed and case remanded with direction. Ellington, C. J., and Doyle, J., concur.*

DECIDED OCTOBER 4, 2011.

*Gerard B. Kleinrock*, for appellant.

*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.