**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: August 23, 2020

S22G0104.  BENTON v. THE STATE.

BETHEL, Justice.

Georgia law provides that, with certain exceptions not applicable here, any person who has previously been convicted of three felonies shall, upon conviction of a subsequent felony "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." OCGA § 17-10-7 (c). Prior to his conviction for aggravated assault in this case, Turner Benton had been found guilty of three other felony offenses. However, for the first of those offenses, he was sentenced under Georgia's First Offender Act and placed on probation. We granted Benton's petition for a writ of certiorari in this case to consider whether his first-offender sentence became a "conviction" for purposes of OCGA § 17-

10-7 (c) when the record shows that his probation was revoked by the court multiple times but where there was no adjudication of guilt. In the case before us, the trial court ruled that it did, and the Court of Appeals affirmed. See *Benton v. State*, 361 Ga. App. 19, 19-21 (1) (861 SE2d 672) (2021).

However, as we explain more fully below, for his first offense, the court's revocation orders served only to revoke Benton's probation, not his status as a first offender. Thus, upon the completion of his first-offender sentence, Benton was exonerated of the underlying offense by operation of law. We therefore determine that the trial court and the Court of Appeals erred in their determinations that Benton had been convicted of three felonies prior to his conviction in this case. Accordingly, we reverse the decision of the Court of Appeals and remand this case with direction that Benton's sentence in this case be vacated and that he be resentenced.

1. *Background*

As recounted by the Court of Appeals,

[v]iewed in the light most favorable to the jury's verdict, the evidence shows that on July 4, 2017, Tyrone Ransom was working in a convenience store when Benton approached him and appeared to be irritated. Benton accused Ransom of stealing his weed whacker and demanded that he admit it; but Ransom adamantly denied the allegation. The dispute then escalated, and the two men began fighting. And at some point during the altercation, Benton retrieved a knife from his pocket and stabbed Ransom, who was unarmed and unaware that Benton had a weapon. The entire altercation was recorded by surveillance cameras. Thereafter, Benton was charged with two counts of aggravated assault. And following a jury trial, Benton was convicted of one of those charges and acquitted of the other.[1] Benton then filed a motion for a new trial, and after a hearing, the trial court denied it.

(Footnote omitted.) *Benton*, 361 Ga. App. at 19 (1). The trial court

later sentenced Benton as a recidivist under OCGA § 17-10-7 (a)[2]

---

[1] The first count was for aggravated assault with intent to murder, and the second count was for aggravated assault with a deadly weapon. The jury found Benton not guilty of the first count and guilty of the second count.

[2] OCGA § 17-10-7 (a) provides:

Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless

3

and (c)[3] to serve a term of 20 years — 15 years in prison and five years on probation.

Benton argued in his motion for new trial and before the Court of Appeals that the trial court erred by sentencing him under OCGA § 17-10-7 (c) because the State failed to prove that he had three prior felony convictions. In support of its request that Benton be sentenced as a recidivist, the State presented certified copies of his convictions for three prior felonies: (1) a July 1990 conviction for the sale of a controlled substance, (2) a September 1998 conviction for possession of a controlled substance, and (3) an October 2012 conviction for aggravated assault. Benton conceded that he was

---

otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

[3] OCGA § 17-10-7 (c) provides:

Except as otherwise provided in subsection (b) or (b.1) of this Code section and subsection (b) of Code Section 42-9-45, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

4

involved in the three prior felony cases, but argued before the Court

of Appeals that, as to the July 1990 case, he was sentenced as a first

offender and later exonerated of that offense under the First

Offender Act when he completed his sentence without revocation of

his first-offender status.

> As to the conviction at issue, the Court of Appeals noted that
>
> Benton pleaded guilty in 1990 to selling a controlled substance, and he was sentenced as a first offender to five years, with six months to be served in confinement and the remainder on probation. This much is undisputed between the parties. Benton also acknowledges that three different petitions for adjudication of guilt and imposition of sentence were filed as to that conviction, alleging that he violated his probation in various respects.[4]

*Benton*, 361 Ga. App. at 20-21 (1).

Benton argued that he was ultimately exonerated of his 1990

conviction under OCGA § 42-8-60 (e) (1)[5] because, even though his

---

[4] Orders on those petitions were entered on October 16, 1990, August 1, 1991, and March 1, 1992.

[5] OCGA § 42-8-60 (e) (1) provides:
A defendant sentenced pursuant to [Article 3, regarding first offenders] shall be exonerated of guilt and shall stand discharged as a matter of law as soon as the defendant . . . [c]ompletes the terms of his or her probation, which shall include the expiration of the sentence by virtue of the time frame of the sentence passing, provided that such sentence has not otherwise been tolled or suspended[.]

probation was revoked on three occasions, his first-offender status was never actually revoked by the trial court. However, the Court of Appeals determined that "this contention is belied by the record," noting that "the record includes three different orders in that case revoking Benton's probation." Id. at 21 (1). The Court of Appeals concluded that

> [i]n any event, Benton's probation in the 1990 case was revoked, he was not exonerated under OCGA § 42-8-60 (e), and thus, the conviction qualifies as a prior felony conviction such that the trial court did not err in sentencing him as a recidivist under OCGA § 17-10-7 (c).

(Emphasis omitted.) Id.

2. *Analysis*

Under Georgia's First Offender Act,

> [w]hen a defendant has not been previously convicted of a felony, the court may, upon a guilty verdict or plea of guilty or nolo contendere and before an adjudication of guilt, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and [p]lace the defendant on probation; or [s]entence the defendant to a term of confinement.

OCGA § 42-8-60 (a). Thus, a first offender's guilty plea or a verdict of guilt against him does not immediately constitute a "conviction"

6

as that term is defined in Georgia's Criminal Code. See *Davis v. State*, 273 Ga. 14, 15 (537 SE2d 663) (2000). See also OCGA § 16-1-3 (4) (defining "conviction" as including "a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty."). Instead, Georgia law affords a first-time offender the opportunity to be exonerated if he or she satisfies the other conditions of the First Offender Act: completion of the term of probation, release by order of the court prior to the termination of probation under certain statutes, or release from confinement and parole, provided the defendant is not serving a split sentence. See OCGA § 42-8-60 (e).[6] Thus, as we have noted, the First Offender Act "permits the offender complete rehabilitation without the stigma of a felony conviction." *State v. Wiley*, 233 Ga. 316, 317 (210 SE2d 790) (1974).

However, a defendant's first-offender status may be revoked by the trial court. OCGA § 42-8-60 (d) provides that

---

[6] Notably, OCGA § 42-8-60 (e) does not require, as a condition of exoneration, that a first offender not have his probation revoked during the term of the first-offender sentence.

[t]he court may enter an adjudication of guilt and proceed to sentence the defendant as otherwise provided by law when the . . . [d]efendant violates the terms of his or her first offender probation; . . . [the d]efendant is convicted for another crime during the period of his or her first offender sentence; or . . . [the c]ourt determines that the defendant is or was not eligible for first offender sentencing[.]

This statutory language answers the question in this case. It says that "when the . . . [d]efendant violates the terms of his or her first offender probation," "[t]he court *may* enter an adjudication of guilt and proceed to sentence the defendant . . . ." OCGA § 42-8-60 (d) (emphasis added). So the violation of a first offender's probation ordered as part of his sentence under OCGA § 42-8-60 (a) does not automatically result in a conviction or preclude his exoneration by operation of law under that provision. See *Ailara v. State*, 311 Ga. App. 862, 864 (717 SE2d 498) (2011) (noting distinction between revocation of first-offender probation and status). Instead, it is a condition which, if met, gives the court discretion to enter an adjudication of guilt. See *Bliss v. State*, 244 Ga. App. 160, 160 (535 SE2d 251) (2000). If a court exercises its discretion *not* to enter that

8

judgment, the first offender is still eligible for exoneration by operation of law under OCGA § 42-8-60 (e) once the listed statutory conditions are met. Thus, the Court of Appeals erred by treating revocation of Benton's probation as revocation of Benton's first-offender status, i.e., entering an adjudication of guilt.

Although, in this case, the State initially advanced the argument that the Court of Appeals adopted in its opinion, the State now concedes that the Court of Appeals erred in its ruling. As the State rightly notes in its brief before this Court, a court's revocation of probation ordered as part of a first-offender sentence cannot be the basis for recidivist punishment under OCGA § 17-10-7 (c), absent an adjudication of guilt and the imposition of a sentence under OCGA § 42-8-60 (d) as to the offense once subject to first-offender treatment. See *Davis*, 273 Ga. at 15. In the absence of such an adjudication and sentence, OCGA § 42-8-60 (e) provides that the first-offender defendant "shall be exonerated of guilt and shall stand discharged as a matter of law" as soon as the enumerated statutory conditions are met. See *Collins v. State*, 338 Ga. App. 886, 889 (792

SE2d 134) (2016) ("Under the First Offender Act, a person is either exonerated of guilt and stands discharged as a matter of law upon completion of the term of [the first-offender sentence] . . . or adjudicated guilty in a petition filed prior to the expiration of the sentence . . . [T]he statute does not provide for any other alternative." (footnote omitted)). Moreover, contrary to the conclusion of the Court of Appeals, see *Benton*, 361 Ga. App. at 20-21, a first offender can be exonerated of his first offense even when his probation is revoked. In that circumstance, the first offender, during any period in which probation is revoked, simply serves time in prison, as provided in the first-offender sentence imposed by the court. See *Ailara*, 311 Ga. App. at 864; OCGA § 42-8-60 (a) (2). A different panel of the Court of Appeals rightly reached this conclusion not long after *Benton* was decided. See *Giles v. State*, 362 Ga. App. 237 (867 SE2d 840) (2022).[7]

---

[7] It appears there may be some confusion stemming from prior decisions of this Court and the Court of Appeals, including *Davis* and *Collins*, that use the term "probation" to describe both any term of probation ordered by a court as part of a first-offender sentence under OCGA § 42-8-60 (a) and the

10

Here, Benton's probation in the 1990 case was revoked (and apparently reinstated) on three occasions by the court. However, the record contains nothing showing that his *status* as a first offender

---

"probationary" nature of first-offender status generally. For instance, throughout its opinion in *Davis*, this Court referred to the defendant being "on first offender probation" when referring to the period in which he was serving a first-offender sentence. See 273 Ga. at 14-15. This Court has used that formulation at least as far back as 1974, when it contrasted "the first offender probation" with "probation in other cases." *Wiley*, 233 Ga. at 317. Similarly, the Court of Appeals noted in *Collins* that "'under the first offender statute, until an adjudication of guilt is entered, there is no conviction. The case has, in effect, been suspended during the period of probation until eventually the probation is either revoked or it is discharged; unless it is revoked, there is no conviction.'" (Emphasis omitted.) 338 Ga. App. at 889 (1) (quoting *Cook v. State*, 338 Ga. App. 489, 497 (4) (790 SE2d 283) (2016) and citing *Davis*). Some of this confusion may also come from the Code itself, which, in at least one instance refers to a person serving a first-offender sentence as being "on probation as a felony first offender." OCGA § 16-11-131 (b). See also *Chavez v. State*, 307 Ga. 804, 808 (1) (b) (837 SE2d 766) (2020) (referring to a first-offender sentence as "felony first-offender probation" when discussing prohibition on possessing a firearm under OCGA § 16-11-131 (b) during the period of a first-offender sentence).

We take this opportunity to clarify that when referring to "probation" in regard to a first offender, we mean to use that term in the way the First Offender Act does when it provides that an offender may serve a term of probation ordered by the court as part of a first-offender sentence under OCGA § 42-8-60 (a). Such probation may be revoked by the court, but, as noted above, that action is not synonymous with revocation of first-offender status. Although a first offender's status is clearly "probationary" in nature, due to his ability to be exonerated of the offense at the conclusion of the first-offender sentence, we recognize that the use of that descriptor by the General Assembly and the appellate courts may have created confusion about the nature of the probation that may be ordered and revoked by the sentencing court under the First Offender Act and the effect of any such revocation on the defendant's first-offender status.

was revoked by the entry of an adjudication of guilt and sentence by the court under OCGA § 42-8-60 (d) as to the 1990 case. In the absence of such action by the court, at the completion of his first-offender sentence as to the 1990 case, Benton was exonerated of guilt and discharged as a matter of law as to that case. See OCGA § 42-8-60 (e). Thus, in regard to the case now before us, the 1990 case could not count toward showing that Benton had previously been convicted of "three felonies" under OCGA § 17-10-7 (c). As a result, the trial court erred in sentencing Benton as a recidivist under OCGA § 17-10-7 (c) on the aggravated assault charge on which he was found guilty in this case.[8]

In light of the foregoing, Benton's sentence on the aggravated assault charge must be vacated, as he was not eligible for sentencing as a recidivist under OCGA § 17-10-7 (c). We therefore reverse the

---

[8] Neither Benton nor the State have made any showing that Benton's September 1998 or October 2012 convictions have been vacated, reversed, pardoned, or otherwise set aside, nor has either party argued that the court erred by sentencing Benton as a recidivist under OCGA § 17-10-7 (a) in this case. For that reason, nothing in this opinion should be read to suggest that Benton cannot be sentenced as a recidivist under that Code section.

12

judgment of the Court of Appeals and remand this case to the Court of Appeals with direction that it vacate the sentence imposed by the trial court and remand this case to that court for resentencing in accordance with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur.*