NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 29, 2024

S23G1037.  HOWARD v. THE STATE.

PETERSON, Presiding Justice.

Isaac Taqai Howard filed a direct appeal seeking review of an order revoking his first-offender status. The Court of Appeals applied its own longstanding precedent to dismiss Howard's appeal for lack of jurisdiction because he failed to file an application for discretionary appeal. We granted certiorari to determine whether Howard had the right to a direct appeal under OCGA § 5-6-34 (a) or was instead required to file a discretionary application under OCGA § 5-6-35 (a). We conclude that the entry of an adjudication of guilt and revocation of a defendant's first-offender status is directly appealable. Therefore, we reverse the Court of Appeals's judgment.

On March 26, 2021, Howard entered two negotiated pleas. Howard and the State agreed to consolidate these cases for purposes

of trial and tender them under Georgia's First Offender Act. The trial court agreed and sentenced Howard as a first offender to two concurrent fifteen-year sentences, with the first eighteen months in confinement and the balance served on probation. Howard received credit for time served, and he was released from confinement on the date of the plea hearing.

In November of 2022, the State filed two "Petition[s] for the Adjudication of Guilt and Imposition of Sentence" which alleged that Howard violated the conditions of his probation. After a "Probation Revocation Hearing" on December 14, 2022, the trial court entered an adjudication of guilt on both petitions and resentenced Howard on both petitions as a felon to fifteen years, with the first five years in confinement and the balance served on probation. Howard filed a notice of appeal as to both cases, which the Court of Appeals dismissed in an unpublished order on the ground that Howard's appeal was an appeal from an "order[] revoking probation" under OCGA § 5-6-35 (a) (5) such that Howard's failure to file an application for discretionary appeal deprived it of jurisdiction.

In doing so, the Court of Appeals faithfully applied its decision from nearly 40 years ago in *Dean v. State*, 177 Ga. App. 123 (338 SE2d 711) (1985). The *Dean* court held over a dissent that the revocation of a defendant's first-offender probation was controlled by the discretionary appeal procedure in OCGA § 5-6-35. The court offered three reasons for this conclusion: (1) OCGA § 5-6-35 (a) required a discretionary application for appeals from orders revoking probation, "making no distinction between 'first-offender' probation . . . and probation otherwise provided for in criminal cases"; (2) the "purpose of the discretionary appeal statute is in part to reduce the tremendous case load of the state's appellate courts"; and (3) the First Offender Act provided an avenue of direct appeal "upon the imposition of first-offender status[.]" *Dean*, 177 Ga. App. at 124 (1) (citing OCGA § 5-6-35 (a) (5)). Judge Beasley dissented in part and would have held that the entry of an adjudication of guilt and resentencing of a first offender upon the revocation of first-offender status is directly appealable, reasoning that "an appeal from a termination of probation under the First Offender Act . . . . is

3

from more than a mere 'order revoking probation'" and is "actually an appeal also from the judgment of guilt itself as well as from the new sentence." Id. at 127-128 (Beasley, J., dissenting in part).

Howard then filed a petition for a writ of certiorari, which we granted. Howard argues on appeal that the trial court's revocation of his first-offender status, entry of an adjudication of guilt, and resentencing constitute a final judgment that is directly appealable. We agree with Howard and Judge Beasley.

1. *Different procedures govern the requirements for direct appeals and discretionary appeals.*

"Two code sections primarily govern the method for pursuing appeals to this Court and the Court of Appeals" — OCGA § 5-6-34 and OCGA § 5-6-35. *Grogan v. City of Dawsonville*, 305 Ga. 79, 82 (2) (823 SE2d 763) (2019). Under OCGA § 5-6-34, subsection (a) identifies trial court decisions that may be appealed immediately, and subsection (b) provides an interlocutory appeal procedure by which a party can obtain permission from the trial court to seek appellate review of a decision that would otherwise not be

immediately reviewable. See OCGA § 5-6-34 (a), (b). If a trial court's decision is immediately appealable under OCGA § 5-6-34 (a), a would-be appellant must then determine whether he or she is entitled to a direct appeal by notice of appeal or must file an application for discretionary review.[1]

OCGA § 5-6-35 "governs the process by which a party must file an application for discretionary review for certain orders that are immediately appealable." *Grogan*, 305 Ga. at 82 (2). If the underlying subject matter of the appeal is one of the categories of cases listed in OCGA § 5-6-35 (a), the appeal "shall be by application in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction[,]" OCGA § 5-6-35 (b), "even when the party is appealing a judgment or order that is procedurally subject to [immediate] appeal under

---

[1] We have often used the phrase "direct appeal" confusingly to "refer to two different concepts: (1) an immediate appeal [under OCGA § 5-6-34 (a)] for which permission is not required to be obtained through the interlocutory review process; and (2) an appeal that is entitled to come by a notice of appeal, not an application for discretionary review." *Grogan*, 305 Ga. at 82 (2) n.4. But "[t]hese are not the same." Id. We use "direct appeal" here to mean only the latter.

OCGA § 5-6-34 (a)." *Grogan*, 305 Ga. at 82 (2) (citation and punctuation omitted).

Defendants in criminal cases may take immediate appeals from all final judgments, which OCGA § 5-6-34 (a) (1) defines as "where the case is no longer pending in the court below," and may do so by simply filing a notice of appeal (i.e., a direct appeal) unless the case is one of the specified categories of cases in OCGA § 5-6-35 (a) that must come by discretionary application. See *Seals v. State*, 311 Ga. 739, 742-743 (2) (a) (860 SE2d 419) (2021) (a case is "no longer pending" when the trial court has resolved every count and left no issue remaining to be resolved), disapproved in part on other grounds by *Gonzales v. State*, 315 Ga. 661, 665 (1) (b) n.7 (884 SE2d 339) (2023). For the categories of cases listed in OCGA § 5-6-35 (a), a defendant is not entitled to a direct appeal but instead must file a discretionary application to seek appellate review. See OCGA § 5-6-35 (b)-(f) (establishing discretionary application procedure). In particular, OCGA § 5-6-35 requires a discretionary application for "[a]ppeals from orders revoking probation[.]" OCGA § 5-6-35 (a) (5).

Whether an appeal from an adjudication of guilt and resentence upon revocation of first-offender status is a final judgment, and whether it is covered by OCGA § 5-6-35 (a) (5), require careful consideration of the First Offender Act.

2. *The trial court's entry of an adjudication of guilt and resentencing upon the revocation of a first-offender status constitutes a final judgment that is not covered by OCGA § 5-6-35 (a) (5).*

Under Georgia's First Offender Act, "a first-time felony offender who enters a guilty plea may be sentenced to probation or confinement 'before an adjudication of guilt' and 'without entering a judgment of guilt.'" *Manner v. State*, 302 Ga. 877, 888 (III) (808 SE2d 681) (2017) (citing OCGA § 42-8-60 (a)[2]). The First Offender Act is a unique act by which the legislature extends a form of grace to individuals who commit certain types of crimes. The Act "protect[s] the first offender from the stigma of having a criminal record until

---

[2] OCGA § 42-8-60 (a) states:

When a defendant has not been previously convicted of a felony, the court may, upon a guilty verdict or plea of guilty or nolo contendere and before an adjudication of guilt, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and: (1) [p]lace the defendant on probation; or (2) [s]entence the defendant to a term of confinement.

an adjudication of guilt has been entered with regard to the crime for which the defendant was given first offender treatment." *Davis v. State*, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998). Because of its uniqueness, Georgia courts have sometimes used language more consistent with typical criminal processes in describing the First Offender Act and the status of first-offenders, causing a fair amount of confusion. See *Benton v. State*, 314 Ga. 498, 503 (2) n.7 (877 SE2d 603) (2022) (noting that some of the confusion stems from the Act's language itself).

a. *The entry of an adjudication of guilt and resentencing upon the revocation of first-offender status constitutes a final judgment.*

While plainly amounting to something like a conviction in some senses (most notably, the offender may be sentenced to prison), the imposition of a first-offender sentence "does not immediately constitute a 'conviction' as that term is defined in Georgia's Criminal Code."[3] *Benton*, 314 Ga. at 501 (2). Instead, the imposition of a first-

---

[3] Georgia's Criminal Code defines "conviction" as "a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty." OCGA § 16-1-3 (4).

offender sentence under OCGA § 42-8-60 (a) "defer[s] further proceedings[,]" and the charge remains pending for the duration of the first-offender sentence. See *Smith v. State*, 276 Ga. 263, 265 (2) (577 SE2d 548) (2003) (when a defendant is on first-offender probation, "there has not been an adjudication of guilt and the matter remains pending").

> Any probationary sentence entered under [the First Offender] Act is preliminary only, and, if completed without violation, permits the offender complete rehabilitation without the stigma of a felony conviction. If, however, such offender does not take advantage of such opportunity for rehabilitation, his [proceeding] which has, in effect, been suspended is continued and an adjudication of guilt is made and a sentence entered.

*State v. Wiley*, 233 Ga. 316, 317 (210 SE2d 790) (1974). Because the charge remains pending, no final judgment has occurred, and an immediate appeal would not be permitted under OCGA § 5-6-34 without a certificate of immediate review. But OCGA § 42-8-64 provides an avenue of immediate appeal to a defendant sentenced as a first offender.[4]

---

[4] OCGA § 42-8-64 states that "[a] defendant sentenced pursuant to this

"Upon satisfactory *completion* of a sentence imposed pursuant to [OCGA § 42-8-60 (a)], the defendant is discharged and exonerated of guilt." *Manner*, 302 Ga. at 888 (III) (emphasis added; citing OCGA § 42-8-60 (e)). But if the defendant violates the terms of first-offender probation or is convicted of another crime during the pendency of that sentence, the trial court has discretion to revoke the defendant's first-offender status and "may enter an adjudication of guilt and proceed to sentence the defendant as otherwise provided by law[.]" OCGA § 42-8-60 (d).[5]

At that point, if the trial court chooses to enter an adjudication of guilt and to resentence the defendant on the counts forming the basis of the initial first-offender sentence, this revokes the defendant's first-offender status and resolves every count such that

article shall have the right to appeal in the same manner and with the same scope and same effect as if a judgment of conviction had been entered and appealed from."

[5] The violation of a first offender's conditions of probation does not *automatically* revoke the first-offender status. "Instead, [the violation] is a condition which, if met, gives the court discretion to enter an adjudication of guilt." *Benton*, 314 Ga. at 502 (2). "If a court exercises its discretion *not* to enter that judgment, the first offender is still eligible for exoneration by operation of law under OCGA § 42-8-60 (e) once the listed statutory conditions are met." Id. (emphasis in original).

10

"the case is no longer pending in the court below[.]" OCGA § 5-6-34 (a). See OCGA § 42-8-60 (d); *Benton*, 314 Ga. at 501-502 (2). Therefore, the entry of an adjudication of guilt and sentence constitutes a final judgment and triggers the defendant's right to an immediate appeal under OCGA § 5-6-34 (a) (1). See *Allen v. State*, 315 Ga. 524, 525 n.1 (883 SE2d 746) (2023) (case "became subject to direct appeal" when the trial court entered a conviction *and* sentence, resolving all counts of the indictment); *Benton*, 314 Ga. at 502 (2) (referring to the trial court's entry of an adjudication of guilt and sentence for violation of first-offender probation as a "judgment"); *Seals*, 311 Ga. at 742 (2) (a) (case is final and appealable when the trial court has entered a written judgment that imposes a sentence on each count).

b. *An appeal in this context is not an appeal from an order revoking probation and thus does not require a discretionary application.*

In reliance on the Court of Appeals's decision in *Dean* and its progeny, the State nonetheless argues that Howard was required to file a discretionary application because OCGA § 5-6-35 (a) (5)

11

requires a discretionary application for "[a]ppeals from orders revoking probation[.]" The Court of Appeals has interpreted that provision as "making no distinction between 'first-offender' probation (see OCGA § 42-8-60 et seq.) and probation otherwise provided for in criminal cases (see OCGA § 42-8-34)." *Dean*, 177 Ga. App. at 124 (1). Put another way, the State argues that an order revoking probation and an adjudication of guilt after the violation of a first-offender sentence are essentially the same and yield the same result, so they should be treated the same for purposes of appeal. But the State's argument and the Court of Appeals precedent on which it relies are unsupported by the text of OCGA § 5-6-34, OCGA § 5-6-35 (a) (5), and OCGA § 42-8-60, and they ignore key differences between an adjudication of guilt and an order revoking probation.[6]

OCGA § 5-6-34 (a) (1) makes clear that "[a]ll final judgments"

---

[6] Notwithstanding the fact that *Dean* was decided in 1985, stare decisis does not apply to our review of Court of Appeals precedent. See *Olevik v. State*, 302 Ga. 228, 244 (2) (c) (iv) (806 SE2d 505) (2017) ("Under the doctrine of stare decisis, courts generally stand by *their* prior decisions[.]" (emphasis added)); *Rollf v. Carter*, 298 Ga. 557, 559 (784 SE2d 341) (2016) (decisions by the Court of Appeals are not binding on this Court). The question we decide today is a question of first impression for this Court.

are entitled to a direct appeal unless the subject matter is one of the categories of cases listed in OCGA § 5-6-35. The text of OCGA § 5-6-35 (a) does not include the entry of an adjudication of guilt and sentence upon the revocation of first-offender status as one of the categories of cases which requires the filing of a discretionary application. See OCGA § 5-6-35 (a). If the legislature had intended to include an adjudication of guilt in that provision, it could have (and still can), but "we do not have the authority to rewrite statutes, so when the text is plain, we must follow it." *McKinney v. State*, ___ Ga. ___ (899 SE2d 121, 125) (2024) (citation and punctuation omitted). Therefore, we reject an interpretation that would add to the statute that which the legislature did not include. Moreover, OCGA § 5-6-30 directs that the Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article." See *Premier Pediatric Providers, LLC v. Kennesaw Pediatrics, P.C.*, 318 Ga. 350, 359 (3) (898 SE2d 481)

13

(2024) ("In other words, OCGA § 5-6-30 puts a legislative thumb on the scale in favor of reaching the merits."). Accordingly, we do not interpret OCGA § 5-6-35 (a) in a manner that limits the right to appeal any more than its text requires.

Further, the text of the First Offender Act does not equate the entry of an adjudication of guilt to an order revoking probation.[7] See OCGA § 42-8-60; cf. OCGA § 42-8-34.1 (setting forth conditions and procedures for revoking probated or suspended sentence under state-wide probation system); OCGA § 42-8-38 (c) (trial court has discretion to revoke, modify, or continue probation under state-wide probation system); OCGA § 42-8-102 (f) (setting forth procedure for revoking county and municipal probation). Moreover, as Judge Beasley argued in dissent in *Dean*, the fact that an adjudication of guilt often has the *effect* of revoking a first offender's probation does not transform an adjudication of guilt into a probation revocation for purposes of appeal. 177 Ga. App. at 128 (Beasley, J., dissenting in

---

[7] Indeed, the text of OCGA § 42-8-60 does not once mention a "probation revocation." See OCGA § 42-8-60.

14

part). "It is obvious that the General Assembly intended the first offender probation to have a different effect than probation in other cases." *Wiley*, 233 Ga. at 317.

An important difference between orders revoking ordinary probation and orders revoking first-offender status is that ordinary probation is served *after* a judgment is entered. That affects what can be appealed when it is revoked: "a mere order revoking probation proceeds from a sentence based on a judgment entered previously and the appeal is only from the order." *Dean*, 177 Ga. App. at 128 (Beasley, J., dissenting in part). By the time probation is revoked in that context, "a defendant has already had the right to appeal directly all aspects of the formal *adjudication of guilt* as well as of the sentence which is bottomed on the judgment of guilt." Id. at 127-128 (Beasley, J., dissenting in part) (emphasis added). But that is not the case in an adjudication of guilt that follows the violation of conditions of first-offender probation, where although OCGA § 42-8-64 gives a first-offender the right to a direct appeal, there has not yet been an adjudication of guilt.

During the pendency of a first-offender sentence, there has been *no* adjudication of guilt or final judgment,[8] the first offender is not considered "convicted" as that term is used in Georgia's Criminal Code, the "matter remains pending[,]" *Smith*, 276 Ga. at 265 (2), and the first offender has the opportunity — upon the satisfactory completion of the first-offender sentence — to be altogether exonerated of guilt and stand discharged as a matter of law. See OCGA § 42-8-60 (e). So when a first-offender sentence is not completed successfully and the trial court enters an adjudication of guilt and sentence, this is the first judgment of guilt entered against that defendant. See OCGA § 42-8-60 (d). At that point, the defendant stands convicted under Georgia's Criminal Code, and "the new sentence is based on a just-arrived at adjudication of guilt" and "may actually be more severe than the consented-to [first offender]

---

[8] Although the trial court enters a judgment granting a defendant first offender treatment, this does not constitute a *final* judgment for purposes of direct appeal because the case remains pending until the defendant complies with or violates the terms of first-offender probation. Instead, that initial judgment is merely "a judgment granting him first offender treatment instead of imposing a regular sentence with an adjudication of guilt." *Higdon v. State*, 291 Ga. 821, 824 (2) (a) (733 SE2d 750) (2012).

16

sentence." *Dean,* 177 Ga. App. at 128 (Beasley, J., dissenting in part). Regardless of the duration of the new sentence imposed, the entry of an adjudication of guilt is distinct from an order revoking probation, and Georgia law does not treat them the same for the purposes of appeal.

c. *Claims that the defendant raised or could have raised in appealing the initial imposition of the first-offender sentence may well be barred in a subsequent appeal from the entry of an adjudication of guilt and sentence.*

The State argues that the conclusion we have reached today will give defendants two bites at the direct appeal apple, as defendants will be entitled to directly appeal both the initial entry of a first-offender sentence (because OCGA § 42-8-64 says they can) and the entry of an adjudication of guilt and sentence (because it is a final judgment under OCGA § 5-6-34). But our holding today is required by the statutory text, which we cannot change to achieve a "better" policy outcome. What's more, our holding does not obviously have the result the State fears. If a defendant chooses to exercise the right to a direct appeal provided by OCGA § 42-8-64 upon the initial

17

entry of the first-offender sentence, any argument that the defendant raises *or* could have raised in that appeal may well be barred in a subsequent appeal if that defendant later chooses also to appeal the entry of an adjudication of guilt. See *Walker-Madden v. State*, 301 Ga. 744, 745 (804 SE2d 8) (2017) ("In a second appeal after remand for resentencing, a criminal defendant may raise issues relating to the new sentencing order but may not raise issues that were, or could have been, raised in the first appeal of the case.").

Accordingly, upon the trial court's entry of an adjudication of guilt, Howard was entitled to a direct appeal under OCGA § 5-6-34 (a). Therefore, we reverse the Court of Appeals's judgment and remand for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur, except, LaGrua, J., who dissents.*

LaGrua, Justice, dissenting.

Because defendants receiving a first-offender sentence do not immediately receive convictions, the legislature has permitted them to file their direct appeals as if they had received a conviction. See OCGA § 42-8-64. Criminal defendants are normally entitled to a direct appeal after conviction and must file that appeal within 30 days. See OCGA §§ 5-6-34, 5-6-38 (a). With the Majority Opinion, now some first-offender defendants could also have *30 years* — or longer — if they decide to avail themselves of their new right to a direct appeal should the trial court revoke probation and enter an adjudication of guilt late in a sentence. While some claims may be barred, the prosecution, defense, and appellate courts will still be burdened with potentially ancient cases that already had a full opportunity to appeal. They will be placed in the position of dealing with failing memories, locating long-gone witnesses, and litigating matters that should have been litigated years before.

The Majority Opinion recognizes that this result is not the best

19

policy outcome, but nonetheless argues that it is required by the statutory text. I admit that this is a difficult question, but the grace of the legislature does not go that far. Rather, I agree with the Court of Appeals' longstanding precedent in *Dean* that correctly looked at the text of OCGA § 5-6-35 (a) (5) and held that "orders revoking probation" includes just that — orders revoking probation. See *Dean v. State*, 177 Ga. App. 123, 124-125 (1) (338 SE2d 711) (1985). The fact that some of those revocations might also involve an adjudication of guilt under OCGA § 42-8-60 (d) does not remove those revocations from the clear text of OCGA § 5-6-35 (a) (5). The First Offender Act still calls first-offender probation "probation" even though the legislature intended it to have a different effect. See OCGA § 42-8-60 (a)-(g) (referencing "probation" fifteen times).

Therefore, I respectfully dissent.