**FOURTH DIVISION**
**DILLARD P. J.,**
**RICKMAN and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**November 21, 2024**

# In the Court of Appeals of Georgia

A23A1488, A23A1489. HOWARD v. THE STATE (two cases).

PIPKIN, Judge.

After Isaac Howard failed to successfully complete probation under the First Offender Act, the superior court entered adjudications of guilt on charges of gang activity and robbery by intimidation. As more fully explained below, we agree with Howard that the juvenile court had exclusive jurisdiction over the charges at issue here and that, therefore, we must vacate the superior court's adjudications of guilt and sentences and remand these cases with direction.

In April 2019, Howard was arrested on a warrant for armed robbery with a firearm. In March 2021, the Clarke County District Attorney filed two different accusations in superior court, charging Howard with (1) violating the Street Gang

Terrorism and Prevention Act, OCGA § 16-15-4 (a), by committing robbery by force (Case No. A23A1488) and (2) robbery by intimidation in violation of OCGA § 16-8-40 (a) (2) (Case No. A23A1489). At the time of these offenses, both of which occurred in 2019, Howard was 16 years old. The two cases were consolidated for resolution at a single guilty plea hearing, during which Howard entered an *Alford* plea[1] to the street gang charge and a guilty plea to robbery by intimidation. He was sentenced under the First Offender Act to concurrent terms of 15 years, to serve 18 months.

Thereafter, in November 2022, the State filed a petition notifying the court that Howard had violated the terms and conditions of his probation. Based on this, the State requested that Howard's First Offender status be revoked and for the trial court to adjudicate him guilty and impose a new sentence on the 2019 crimes. At the hearing on the State's petition Howard raised the issue of the superior court's lack of jurisdiction. The trial court, however, did not directly rule on this issue; instead, the trial court found that Howard had violated the terms of his probation, entered

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LEd2d 162) (1970).

adjudications of guilt in both cases, and sentenced Howard to two terms of fifteen years, to serve five years. Howard then filed these direct appeals.[2]

On appeal, Howard persuasively argues – and the State concedes – that the superior court lacked jurisdiction to accept Howard's guilty pleas and enter the subsequent adjudications of guilt because he was a juvenile at the time of the offenses.

We begin with a review of the relevant law, bearing in mind that "[j]urisdiction is a question of law to which we apply a de novo standard of review." *In the Interest of K. L. H.*, 281 Ga. App. 394, 395 (636 SE2d 117) (2006). In criminal cases, "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 17-9-4. Accord *Perkins v. State*, 279 Ga. 506, 507 (1) (614 SE2d 92) (2005) ("[W]hen a court had no subject matter jurisdiction to try a defendant, any conviction entered by that court is null and

---

[2] Initially, this Court dismissed Howard's appeals for failure to file a discretionary application under OCGA § 5-6-35. However, the Supreme Court of Georgia granted Howard's petition for writ of certiorari and thereafter reversed our order dismissing Howard's appeals, finding that Howard was entitled to appeal directly from the trial court's adjudications of guilt and re-sentencing upon revocation of his first offender probation. *Howard v. State*, 319 Ga. 114, 117-121 (2) (902 SE2d 551) (2024). The Supreme Court remanded the cases to this Court for further proceedings. Id. at 121 (2) (c).

void."). Moreover, it is well settled that parties cannot "confer subject matter jurisdiction on a court that does not otherwise have it." *In the Interest of R. J. A.*, 365 Ga. App. 118, 123 (3) (b) (877 SE2d 673) (2022).

To answer the question of subject matter jurisdiction in this case, we must look to both the Georgia Constitution and our Juvenile Code. Under the Georgia Constitution, "superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law . . . ." Ga. Const. of 1983, Art. VI, Sec. IV, Par. I. The Juvenile Code provides that "[e]xcept as provided in Code Section 15-11-560, the juvenile court shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action . . . [c]oncerning any child who . . . [i]s alleged to be a delinquent child[.]" OCGA § 15-11-10 (1) (A). And the Juvenile Code defines a child as "any individual who is: (A) under the age of 18 years" or (B) "[u]nder the age of 17 years when alleged to have committed a delinquent act." OCGA § 15-11-2 (10). Further, OCGA § 15-11-560 provides:

> (a) Except as provided in subsection (b) of this Code section, the [juvenile] court shall have concurrent jurisdiction with the superior court

4

over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which an adult may be punished by [life].

(b) The superior court shall have exclusive original jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed [certain enumerated crimes, including, inter alia, murder, rape, and armed robbery if committed with a firearm].

Thus, except where the superior court has exclusive original jurisdiction, see OCGA § 15-11-560 (b), or when a case has been transferred to superior court from juvenile court, "if it appears to any court in a criminal proceeding or a quasi-criminal proceeding that the accused is a child, the case shall forthwith be transferred to the juvenile court[.]" OCGA § 15-11-567 (a). Georgia law also permits delinquency petitions which have been filed in juvenile court to be transferred to superior court under certain circumstances. See OCGA § 15-11-561. However, "[n]o child, either before or after reaching 17 years of age, shall be prosecuted in superior court for an offense committed before the child turned 17, unless the case has been transferred as provided in [OCGA § 15-11-561]." OCGA § 15-11-561 (d).

5

At the time of the offenses in 2019, Howard was 16 years old. Accordingly, he was a child within the meaning of the Juvenile Code. See OCGA § 15-11-2 (10); *In the Interest of J. T. D.*, 242 Ga. App. 243, 243 (529 SE2d 377) (2000) (child's "age at the time of the offense controls"). Furthermore, the charges against Howard – gang activity in violation of OCGA § 16-15-4 (a), and robbery by intimidation in violation of OCGA § 16-8-40 (a) (2) – are not among the enumerated crimes over which the superior court has original jurisdiction when the accused is a child. See OCGA § 15-11-560 (b).[3] Nor is gang activity or robbery by intimidation punishable by life, such that the juvenile court and superior court had concurrent jurisdiction under OCGA § 15-11-560 (a). See OCGA §§ 16-15-4 (k) (2) (gang activity is punishable by five to twenty years); 16-8-40 (b) (robbery by intimidation is punishable by one to twenty years). Thus, given the charges against Howard, the juvenile court had exclusive original

[3] Although armed robbery if committed with a firearm is such an offense, see OCGA § 15-11-560 (b) (8), and Howard was initially arrested for armed robbery with a firearm, he was never charged with armed robbery, only with robbery by intimidation. Thus, even if the superior court initially had jurisdiction, it was divested of that jurisdiction when the State elected to prosecute Howard for robbery by intimidation rather than armed robbery with a firearm. Cf. *Burrell v. State*, 363 Ga. App. 491, 494-495 (1) (870 SE2d 918) (2022) (explaining that superior court gained jurisdiction when the State indicted juvenile for a crime punishable by life imprisonment).

jurisdiction.[4] See OCGA § 15-11-10 (1) (A). Because the juvenile court had exclusive original jurisdiction over this matter, and the cases were not transferred to the superior court under OCGA § 15-11-561, the superior court's judgments are a mere nullity within the meaning of OCGA § 17-9-4. Cf. *Bonner v. State*, 302 Ga. App. 57, 59 (690 SE2d 216) (2010) (holding that juvenile court's adjudication of child as delinquent was void where superior court had exclusive jurisdiction). Accordingly, we vacate the superior court's adjudications of guilt and sentences and remand the case to the superior court with direction to transfer these matters to the juvenile court.[5]

*Judgments vacated and cases remanded with direction. Dillard, P. J., and Rickman, J., concur.*

---

[4] We reach the same result if we consider the robbery-by-force allegation underlying the gang activity charge. Robbery by force is not among the charges enumerated in OCGA § 15-11-560 (b) and, like robbery by intimidation, it is punishable by one to twenty years. See OCGA § 16-8-40 (b).

[5] Howard also argues that the superior court erred in finding sufficient proof that he committed a new offense and thereby violated the terms of his probation under the First Offender Act. Because we conclude that the superior court lacked jurisdiction and vacate the judgment, we do not address this alternative argument.