# Court of Appeals
# of the State of Georgia

ATLANTA, June 02, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1672. DEONTE MARQUEZ KITCHENS v. THE STATE.**

In 2010, Deonte Kitchens pleaded guilty to burglary and was sentenced to eight years on probation under the First Offender Act. The following year, the State petitioned to revoke Kitchens's probation, alleging that he had committed a new offense of felony murder, as well as other crimes. The murder case proceeded to trial in 2016 and, at the close of the evidence, in an order entered on October 4, 2016, the trial court found Kitchens guilty of violating his first offender probation, adjudicated him guilty of burglary, and sentenced him to 20 years in prison. After he was convicted of murder, Kitchens filed a motion for new trial, which was denied in January 2025 in an order filed in both the murder case and the probation revocation case although the motion for new trial did not attack the probation revocation. He thereafter appealed to the Supreme Court of Georgia in both the murder case and the probation revocation case, and the appeals were docketed there under separate case numbers. Explaining that the probation revocation and murder cases were distinct and that Kitchens "appear[ed] to seek review of the trial court's order revoking his first offender probation and adjudicating him guilty" of burglary,[1] the Supreme Court found no basis for its jurisdiction over the probation revocation and transferred the appeal to this Court. See Case No. S25A0823 (Apr. 8, 2025). To the extent that

---

[1] Kitchens filed identical briefs in both cases in the Supreme Court. In the brief transmitted to this Court in the probation revocation action, Kitchens raises no claims of error regarding the revocation of his probation and adjudication of guilt.

Kitchens seeks to challenge the order revoking his probation and adjudicating him guilty of burglary, we lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021). Although a timely filed motion for new trial may extend the time in which to seek appellate review, OCGA § 5-6-38 (a), and pretermitting whether Kitchens could properly file a motion for new trial in the revocation action, Kitchens's original motion for new trial was filed only in his murder case, not in the distinct probation revocation case. His amended motion for new trial, filed in 2022, was filed under both case numbers, but did not attack his probation revocation. Accordingly, the time to seek review of the trial court's October 4, 2016 order adjudicating Kitchens guilty of burglary was not tolled, and Kitchens's notice of appeal, filed in 2025, was not timely as to that order.[2] For this reason, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  06/02/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] Ordinarily, appeals from probation revocation orders must be made by application for discretionary appeal. See OCGA § 5-6-35 (a) (5). However, "the entry of an adjudication of guilt and revocation of a defendant's first-offender status is directly appealable." *Howard v. State*, 319 Ga. 114, 114 (902 SE2d 551) (2024).