**FIRST DIVISION
BARNES, P. J.,
BROWN and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 4, 2025**

# In the Court of Appeals of Georgia

A25A0215. VANGELDER v. THE STATE.

WATKINS, Judge.

Christopher Vangelder appeals from an order revoking his first offender treatment[1] and entering an adjudication of guilt[2] for battery and for loitering and prowling.[3] On appeal, Vangelder argues, inter alia, that the special condition he was alleged to have violated was overly broad and thus void and that the State failed to prove that he violated the special condition. In its response brief, the State concedes that we should reverse the revocation order on these two grounds. Because we agree

---

[1] See generally *Howard v. State*, 319 Ga. 114, 116-117 (2) (902 SE2d 551) (2024).

[2] See OCGA § 42-8-60 (a), (d) (1).

[3] See OCGA §§ 16-5-23.1; 16-11-36.

that the condition was overly broad, his adjudication of guilt was a nullity. Accordingly, we reverse.

"Because this appeal presents only questions of law, we perform a de novo review of the trial court's order."[4]

The relevant facts of this case are undisputed. On January 4, 2023, Vangelder pled guilty to misdemeanor battery and to loitering and prowling, and he was sentenced as a first offender to a total of 24 months of probation with "credit for 6 months and 22 days" for time served. The judgment[5] imposed several general and special conditions of probations and warned that "violation of any Special Condition of Probation may subject the Defendant to a revocation of the balance of probation[.]" Special Condition 3 advised in relevant part: "The Defendant shall have no contact with a minor whether directly in person or indirectly through any means of electronic communication, with any child under the age of sixteen[.] If you have incidental

---

[4] (Citation and punctuation omitted.) *Martin v. State*, 369 Ga. App. 193 (892 SE2d 826) (2023).

[5] Although styled as a "Final Disposition: Misdemeanor," the First Offender provision advises that "it is the judgment of the [c]ourt that no judgment of guilt be imposed at this time but that further proceedings are deferred[.] Upon violation of the terms of probation, . . . the [c]ourt may enter an adjudication of guilt and proceed to sentence the Defendant[.]"

contact with children, you will be civil and courteous to the child and immediately remove yourself from the situation."

On May 31, 2024, Vangelder was at the neighborhood pool and did not immediately leave after some families with children arrived. On Friday afternoon, June 7, 2024, Vangelder met with his probation officer and signed a hearing notice for the following Monday. He was arrested later that day.

On Monday, June 10, 2024, two days before Vangelder's sentence was set to expire, the superior court held a hearing on the State's allegation that Vangelder had violated his conditions of probation in that he "failed to have no indirect or direct contact with children under the age of 16 as proven by [Vangelder] going to the neighborhood pool where children under the age of 16 years of age congregate."

At the conclusion of the hearing, the superior court revoked Vangelder's first offender disposition on the ground that he had violated this special condition.[6] The

---

[6] The State had also alleged that Vangelder violated a general condition of his probation by "fail[ing] to avoid persons and places of disreputable or harmful character." However, the trial court based the revocation order solely on the allegation that Vangelder violated the special condition of his probation relating to contact with minors.

court ordered Vangelder to remain in custody until expiration of his sentence on June 12, 2024 (two days after the hearing). This appeal followed.

1. On appeal, Vangelder argues (and the State concedes) that Special Condition 3 was overly broad and thus void. We agree.

> A trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and rehabilitative goals of probation. But such conditions must be stated with reasonable specificity to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.[7]

This Court has previously rejected similar special conditions of probation.[8] Because Special Condition 3 is not narrowly tailored and failed to provide Vangelder with sufficient notice of the places he was required to avoid (given that it could prohibit

---

[7] (Citation and punctuation omitted.) *Padilla-Garcia v. State*, 372 Ga. App. 9, 13 (2) (903 SE2d 680) (2024).

[8] See id. at 13 (2); *Bryan v. State*, 371 Ga. App. 769, 780-781 (5) (903 SE2d 160) (2024) (physical precedent only); *Bryant v. State*, 363 Ga. App. 349, 353 (2) (870 SE2d 33) (2022); *Chaney v. State*, 355 Ga. App. 737, 741-742 (c) (845 SE2d 704) (2020); *Ellis v. State*, 221 Ga. App. 103, 103-104 (1) (470 SE2d 495) (1996).

him from being in almost any public space),[9] the order revoking his first offender status and adjudicating his guilt based on an alleged violation of this condition is void.[10] We therefore reverse the trial court's order.

2. Based on our conclusion in Division 1, we need not address Vangelder's argument that the evidence was insufficient (which the State also concedes on appeal). We also do not address his argument that the order was void because the State did not file the revocation petition until after the expiration of his term of probation, and that his probation should not have been revoked because the alleged violation resulted from his reliance on erroneous information from his probation officer.

*Judgment reversed. Barnes, P. J., and Brown, J., concur.*

---

[9] See *Bryant*, 363 Ga. App. at 353-354 (2).

[10] See *Hendrix v. State*, 351 Ga. App. 584, 587 (2) (b) (831 SE2d 517) (2019).